**Keith M. LOVE and Helen M. Love in her capacity as wife and guardian for Keith M. Love**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Civ. A. No. C82–1011.

United States District Court, N. D. Georgia, Atlanta Division.

June 29, 1982.

Harvey S. Gray, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., A. J. Welch, Jr., Smith, Welch & Meadows, McDonough, Ga., for plaintiff.

Thomas D. Harper, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

Plaintiffs filed this action in Henry County Superior Court, and Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed it to this Court. Plaintiffs have now moved for a remand to the state court, arguing that the removal was not timely.

Plaintiffs filed their complaint in the state court on March 19, 1982. On that same day, their attorney sent a letter to State Farm's regional office in Jacksonville, Florida, enclosing a copy of the complaint; the copy contained no docket number and no indication of when, if at all, had been filed in the Henry County Superior Court. The entire text of the letter provided as follows:

> Enclosed is a copy of a complaint which has been filed in the Superior Court of Henry County. I have advised the marshal not to effectuate service on State Farm. I am hopeful that we can resolve this claim without any further litigation.

The postal receipt indicates that State Farm's Jacksonville office received the letter on March 22, 1982. The record is not clear as to when, if ever, Plaintiffs properly served State Farm with process in the state court action; the Court finds, however, that proper service had not been obtained as of thirty days before State Farm removed the action to this Court.[1] State Farm answered the complaint on May 14, 1982, and filed a Petition for Removal on May 17, 1982.

The time within which a removal petition must be filed is set out in 28 U.S.C. § 1446(b). The portion of that statute relevant to this case provides as follows:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

Plaintiffs had not properly served a copy of the state court complaint on State Farm as

---

1. The Court bases this finding on two pieces of evidence. First, the March 19 letter from Plaintiffs' attorney to State Farm noted that Plaintiffs were not then attempting to serve State Farm. Second, it is implicit in the arguments of the parties that the removal petition did not follow any proper service by more than thirty days; if such had been the case, this motion would be more easily decided.

of thirty days before it removed the case. Plaintiffs had, however, mailed an unconformed copy of the complaint to State Farm two months before the removal petition was filed. The question facing the Court is whether State Farm's receipt of this copy, in the absence of proper service, started the removal period running.

Plaintiffs' argument that it did trigger the removal period is based directly on the language of section 1446(a). This statute provides that the clock begins to run on a defendant's receipt of the complaint "through service," or on his receipt "otherwise." State Farm received a copy of the state court complaint on March 22, 1982; according to Plaintiffs, the language of section 1446(b) makes clear that this receipt triggered the commencement of the removal period. On the surface, there is much to recommend this argument.

State Farm responds, however, that the "or otherwise" language was not intended to permit a plaintiff to trigger the removal period by mailing an unconformed copy of a complaint to a defendant who is not properly served, a process that State Farm characterizes as "self-help." The arguments raised in State Farm's brief in opposition to remand are of two types. First, State Farm implicitly contends that proper service is a prerequisite to the commencement of the removal period. Second, State Farm contends that an unconformed copy of a complaint is not "a copy of the initial pleading" within the meaning of section 1446(b). State Farm emphasizes the latter argument, but the Court will begin by considering the former.

The relevant language of section 1446(b), regarding "receipt by the defendant, through service or otherwise, of a copy of the initial pleading," was added in the most recent substantive revision of the section in 1949. Since then, most district courts confronted with the question of whether service of process is a prerequisite to the commencement of the removal period have decided that it is. For example, a review of the purpose and legislative history of the 1948 and 1949 revisions of section 1446(b) has led one court to hold in an oft-cited opinion that "in any case the defendant was allowed twenty [now thirty] days after personal service." *Potter v. McCauley*, 186 F.Supp. 146, 148 (D.Md.1960). *Accord, Quick Erectors, Inc. v. Seattle Bronze Co.*, 524 F.Supp. 351, 353 (E.D.Mo.1981); *Gibbs v. Paley*, 354 F.Supp. 270, 271 (D.P.R.1973); *Moore v. Firedoor Corp.*, 250 F.Supp. 683, 684 (D.Md.1966); *Rodriguez v. Hearty*, 121 F.Supp. 125 (S.D.Tex.1954). The cases are not unanimous, however. For example, one district court has recently held that a defendant's receipt of a copy of an initial pleading triggers the statutory removal period even though the defendant was not properly served until some time later. *Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211, 1213 (W.D.Pa.1981).[2]

Prior to 1948, a removal petition was in essence a state court responsive pleading; it was filed in that court within the time permitted to answer a complaint as established by the state's rules of civil practice. In 1948, in an attempt to make the removal procedure more uniform, Congress revised section 1446(b) to provide that

2. The *Tyler* court relied quite heavily on an opinion by another member of this Court, as do Plaintiffs in this case. *See Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355 (N.D.Ga.1978). It is true that *Perimeter Lighting* does state that "it is now settled that service of process under state law does not control for removal purposes." *Id.* at 359. However, both the *Tyler* court and Plaintiffs read *Perimeter Lighting* too broadly. In that case, Judge O'Kelley merely held that a defendant could remove a case before he had been properly served, if he had received informal notice of the action. Judge O'Kelley did not have occasion to decide whether the defendant would have forfeited his right to remove by allowing thirty days to pass after the informal receipt of the initial pleading. Nor had that issue arisen in any of the cases cited by Judge O'Kelley in support of his broad proposition that "service of process under state law does not control." In this case, State Farm is attempting to do precisely what Judge O'Kelley *permitted* the defendant to do in *Perimeter Lighting*, that is, to remove after informal receipt of the complaint but before formal service. The difference, of course, is that State Farm permitted more than thirty days to pass after informal notice before removing the case; the Court must decide whether this difference should change the *Perimeter Lighting* result.

the removal petition be filed in federal court "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). Under this formulation, of course, the removal period could not begin until service of process had been obtained. A problem arose, however, in those states such as New York which permitted a plaintiff to commence a suit without serving or filing a complaint, merely by serving the defendant with a summons. Under the 1948 version of section 1446(b), in such cases the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to remove the action. It was in response to this problem that Congress revised section 1446(b) to permit removal "within twenty [now thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See* H.R.Rep.No. 352, 81st Cong., 1st Sess., *reprinted in* [1949] U.S.Code Cong.Serv. 1254, 1268. Thus, the "through service or otherwise" language was intended to expand the removal period in states following the New York Rule.[3] *See Potter*, 186 F.Supp. at 149. It was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service. The Court concludes that the removal period set forth in 28 U.S.C. § 1446(b) cannot commence until a plaintiff properly serves defendant with process.[4]

3. The "or otherwise" language serves another purpose as well; it has often been applied in actions against nonresident motorists or corporations, where state law appoints the state Commissioner of Motor Vehicles or Secretary of State as an agent for service of process on the nonresident. Courts generally interpret the "or otherwise" language of section 1446(b) to mean that the removal period begins not upon proper service upon the state official, but when the nonresident actually receives a copy of the complaint. *See, e.g., Kulbeth v. Woolnought*, 324 F.Supp. 908, 910 (S.D.Tex.1971); *Benson v. Bradley*, 223 F.Supp. 669 (D.Minn.1963); *Mahony v. Witt Ice & Gas Co.*, 131 F.Supp. 564 (W.D.Mo.1955). Judge O'Kelley was referring in part to cases of this nature when he stated in *Perimeter Lighting* that "it is now settled that service of process under state law does not

In this case, Plaintiffs had not properly served State Farm more than thirty days before State Farm filed its removal petition,[5] and consequently removal was timely. The Court therefore DENIES Plaintiffs' Motion for Remand.

control for removal purposes." *See* 456 F.Supp. at 359.

4. This is not to say that a defendant cannot remove the case before he is served. The filing of the removal petition constitutes an implied acceptance of service by the defendant and triggers the removal period. *Potter*, 196 F.Supp. at 149. *See also Perimeter Lighting*, 456 F.Supp. at 359.

5. Because the Court has held that informal service is insufficient to commence the removal period, it need not and does not reach State Farm's argument that an unconformed copy of the complaint does not qualify as a "copy of the initial pleading" under section 1446(b).