**John L. HUNTER, Plaintiff,**

v.

**AMERICAN EXPRESS TRAVEL RELATED SERVICES, Defendant.**

**Civ. A. No. S86–0346(R).**

United States District Court, S.D. Mississippi, S.D.

June 17, 1986.

David O. McCormick, Pascagoula, Miss., for plaintiff.

John Holloman, III, Neil P. Olack, Thomas Roe Frazer, II, Watkins, Ludlam & Stennis, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

DAN M. RUSSELL, Jr., District Judge.

The plaintiff has moved to remand this action to the Circuit Court of Jackson County, Mississippi. The plaintiff contends that the defendant's removal of this cause to this Court was untimely. Having read and considered the briefs herein, the Court is now ready to render its decision.

The relevant facts are as follows. The plaintiff filed his original complaint on December 23, 1985 in the Circuit Court of Jackson County, Mississippi. Service of process was attempted by sending the complaint and summons via certified mail to 777 American Expressway, Fort Lauderdale, Florida, 33367. The Fort Lauderdale address is where charges made on an American Express card and other remittances are processed. No American Express officers, general agents, managing agents, or other agents authorized to receive service of process are located at the Fort Lauderdale address. American Express' corporate headquarters and principal place of business are located in the State of New York. It is thus clear that plaintiff, as of February, 1986, failed to properly serve the defendant with process. *See* 28 Fed.Proc., L.Ed. § 65:81 *et seq.*

On February 18, 1986, after the complaint and summons reached an officer or authorized agent for service of process, American Express filed a motion to dismiss in the state court. American Express based its motion upon insufficient process, insufficient service of process, lack of personal jurisdiction and improper venue. On or about February 28, 1986, the plaintiff responded to the motion to dismiss by reissuing process. Service of process was accomplished on American Express on or about March 3, 1986, and made pursuant to Rule 4 of the Mississippi Rules of Civil Procedure by serving the U.S. Corporation Company, American Express' authorized agent for service of process in Mississippi. On March 12, 1986, American Express removed this case to this Court.

The time for filing a removal petition is set by 28 U.S.C. § 1446(b) which provides in pertinent part as follows:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* (emphasis added).

There have been two lines of cases which have interpreted the above emphasized language in Section 1446(b). The difference in interpretation stems from the ambiguous "or otherwise" portion of the statute. One line of cases interprets the "or otherwise" language to mean that receipt by the defendant of the pleadings is sufficient to begin the thirty day removal period, *Tyler v. Prudential Ins. Co. of America,* 524 F.Supp. 1211, 1213 (W.D.Pa.1981), while the second line of cases interprets the language to mean that proper service of process is required to begin the removal period. *Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982). It is

clear, however, that the *Love* interpretation is the majority view and is supported by the 28 U.S.C. 1446(b)'s legislative history.

The majority of district courts "confronted with the question of whether service of process is a prerequisite to the commencement of the removal period have decided that it is." *Love*, 542 F.Supp. at 67. *See also Thomason v. Republic Insurance Co.*, 630 F.Supp. 331, 334 (E.D.Cal.1986); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (W.D.La.1983); *Quick Erectors, Inc. v. Seattle Bronze Co.*, 524 F.Supp. 351 (E.D.Mo.1981); *Gibbs v. Paley*, 354 F.Supp. 270 (D.P.R.1973); *Moore v. Firedoor Corp.*, 250 F.Supp. 683 (D.MD. 1966); *Potter v. McCauley*, 186 F.Supp. 146 (D.MD.1960); *Rodriguez v. Hearty*, 121 F.Supp. 125 (W.D.Tex.1954).

The most recent decision which adopts the *Love* interpretation, *Thomason, supra*, best explains the legislative history of Section 1446(b) as follows:

> The 'or otherwise' language was added to the statute in 1949. Before the relevant amendment, the statute read, 'within 20 days after commencement of the action or service of process, whichever is later.' 62 Stat. 939 (1948). Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. *Love*, 542 F.Supp. at 68. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases the removal period could expire before the defendant received a copy of the complaint. *Id.* Defendant would have to decide whether to petition for removal before knowing what the suit was all about. *Potter v. McCauley*, 186 F.Supp. 146, 148 (D.Md. 1960).
>
> Thus, Congress revised § 1446(b) to permit removal 'within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleadings.' *See* H.R.Rep. No. 352, 81st Cong. 1st Sess., reprinted in [1949] U.S.Code Cong.Serv. 1248, 1254, 1258. This change was intended to expand the removal period in states which allowed

plaintiff to commence a suit without filing a complaint. *Love*, 542 F.Supp. at 68. Plaintiff is still required to properly serve defendant. *Id.* The 'or otherwise' language pertains only to those states where plaintiff can commence a suit without filing or serving initial pleading until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading. 28 U.S.C. § 1446 note (West 1985) (1949 Act). The 'or otherwise' does not mean that receipt of the initial pleading without proper service will trigger the removal period.

*Thomason, supra*, 630 F.Supp. at 333–4.

This Court is of the opinion that the majority view presents the better and more sound interpretation. Section 1446(b) "was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Love, supra*, 542 F.Supp. at 68. In the case *sub judice*, the plaintiff initially failed to properly serve the defendant with process. When the plaintiff did ultimately serve the defendant properly, the defendant timely removed the case to this Court. Therefore, the Court DENIES the plaintiff's motion to remand.