**GOODYEAR TIRE & RUBBER CO., Plaintiff,**

v.

**FUJI PHOTO FILM CO., LTD., et al., Defendants.**

No. 86–6145–Civ.

United States District Court, S.D. Florida.

July 11, 1986.

Alan Whitaker, Gunther & Whitaker, P.A., Fort Lauderdale, Fla., Sheldon W. Witcoff, Mark T. Banner, Charles C. Kinne, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for plaintiff.

Robert L. Edwards, Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Miami, Fla., Max F. Schutzman, Whitman & Ransom, New York City, for defendants.

## ORDER DENYING MOTION
## TO REMAND

PAINE, District Judge.

This cause is before the Court upon plaintiff's motion for remand. Federal subject matter jurisdiction is predicated on diversity of citizenship, which is not contested.

The plaintiff contends that this suit for trademark infringement and unfair trade practices under Florida law should be remanded on the ground that the defendants did not file their petition for removal within thirty (30) days as required by 28 U.S.C. § 1446. Essentially, the plaintiff's argument rests on the assumption that the defendants had received a copy of the complaint through some medium other than legal process and that the thirty-day period for removal began to run on whatever date the defendants did receive a copy of the complaint, and not on the date they were legally served. In making this argument, the plaintiff relies on language in the statute which provides that a defendant must file its petition for removal within thirty (30) days of receipt of a copy of the complaint "through service or otherwise". 28 U.S.C. § 1446.

■ Generally, in such cases, the burden is on the defendant seeking removal to demonstrate that the petition for removal was timely filed. *See, Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375 (E.D. Pa. 1982). In this regard, the defendants have filed an affidavit and other exhibits demonstrating that service upon FUJI PHOTO FILM U.S.A., INC. (the first-served defendant) was accomplished by serving the Secretary of State for the State of Florida on January 27, 1986. The petition for removal was filed thirty (30) days thereafter, on February 26, 1986. The defendants are contending, of course, that the thirty-day period for removal begins to run on the date they are legally served with a copy of the complaint. If we adopt the defendants' interpretation of § 1446, then the evidence submitted amply supports their contention that removal in the case at bar was timely.

There is a split of authority among the district courts who have confronted this issue. In *Love v. State Farm Mutual Automobile Insurance Co.,* 542 F.Supp. 65 (N.D. Ga.1982), the Court held that the thirty-day period for removal begins to run when legal service pursuant to the applicable state statute has been perfected. *Accord, Skinner v. Old Southern Life Insurance Co.,* 572 F.Supp. 811 (W.D. La.1983). In both of those cases, the defendant had received a "courtesy copy" of the complaint from the plaintiff, but had not been legally served.

In interpreting the "or otherwise" language in § 1446, the court in *Love* determined that Congress intended to expand the period for removal in cases where state law provided that a suit may be commenced by merely serving a defendant with a summons (as in New York), or where state law appoints a state officer as a nonresident's agent for service of process. *Love,* 542 F.Supp. at 68. In such cases, the thirty-day period for removal could expire before the defendant ever received a copy of the complaint. However, the "or otherwise" language in the statute "was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement" of proper service of process. *Id.* Thus, according to *Love,* there are two prerequisites to the commencement of the removal period: (1) That the defendant actually receives a copy of the complaint "through service or otherwise"; and (2) that the defendant has been properly served under state law. The removal period commences on the date both requirements are satisfied.

The plaintiff urges us to adopt the contrary proposition, as enunciated in *Raymond's Inc. v. New Amsterdam Casualty Co.,* 159 F.Supp. 212 (D. Mass.1956). In that case, it was held that legal "service" is *not* a prerequisite for the commencement

of the removal period. The touchstone is the receipt of the complaint by the defendant. If the defendant, by the purest chance, found a copy of the complaint on the street, the removal period would begin to run on the date he picks it up. That is, of course, an extreme example. Nevertheless, it demonstrates the onerous burden on a defendant who must show that he did *not* receive a copy of the complaint prior to service of it upon him when challenged by a plaintiff seeking remand.

The plaintiff lightly dismisses the cases cited by the defendants as "not controlling". While it is true that those cases are "not controlling" in the accepted sense, it is equally true that those cases cited by the plaintiff are "not controlling". At the very least, *Love* and *Skinner* represent the latest opinions of the district courts on the precise issue before us and we find them to be persuasive. Therefore, we hold that the thirty-day period for removal commences on the date the defendant has been served pursuant to state law[1] and has also received a copy of the complaint.[2]

From the facts before us, we find that defendant FUJI–USA received a copy of the complaint prior to January 27, 1986; however, this defendant was not legally served under Florida Law until January 27, 1986. The petition for removal was filed thirty days later and was therefore timely.

Based on the foregoing, it is

ORDERED and ADJUDGED that the motion for remand (D.E. 6) is Denied.

---

**1.** We do not imply here that defective service would toll the period for removal. That issue will be confronted when such a circumstance arises.

**2.** It is axiomatic that a defendant who receives a copy of the complaint prior to legal service upon him may file his petition for removal then. Lack of service of process is not a bar to removal. *See, Love v. State Farm Mutual Automobile Insurance Co.*, 542 F.Supp. 65 (N.D. Ga.1982) and cases cited therein.