**Dr. Martin TREPEL, Plaintiff,**

v.

**KOHN, MILSTEIN, COHEN AND HAUS-FELD, a foreign co-partnership, Cohen, Milstein & Hausfeld, a foreign co-partnership, and Jerry S. Cohen, jointly and severally, Defendants.**

No. 92–70751.

United States District Court,
E.D. Michigan, S.D.

April 22, 1992.

P. David Palmiere, Bloomfield Hills, Mich., for plaintiff.

William Chaklos, Detroit, Mich., for defendants.

MEMORANDUM AND ORDER

COHN, District Judge.

I.

This is an attorney malpractice case. Plaintiff, Dr. Martin Trepel (Trepel), filed this case in the Wayne County Circuit Court alleging breach of contract and professional negligence against two law firms, defendants Kohn, Milstein, Cohen & Hausfeld (KMCH) and Cohen, Milstein & Hausfeld (CMH),[1] and defendant, Jerry S. Cohen (Cohen). Trepel says he is a third party beneficiary of retention contracts in which KMCH, CMH and Cohen agreed to pursue civil litigation involving alleged violations of federal anti-trust statutes. Trepel says defendants' failure to, among other things, conduct adequate discovery resulted in the dismissal of the anti-trust litigation in which he had a financial interest. Defendants removed this action based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441. Now before the Court is Trepel's motion to remand on the ground that removal was untimely. For the reasons which follow, the Court will grant the motion.

II.

The following facts are not in material dispute. CMH is a partnership which is a successor to KMCH, a professional corporation. Cohen is a general partner in CMH and was an officer of KMCH. Trepel sent a registered mailing containing a summons and complaint for each defendant to Cohen. The registered mailing was sent to his office address at CMH and was marked for restricted delivery. On January 10, 1992, the restricted delivery mailing was signed by Michelle Plourde (Plourde), a receptionist at CMH. Plourde was authorized to receive all overnight, express and registered mailings addressed to persons at CMH. She has never refused to sign a

---

1. In the complaint, Trepel misnamed CMH. The law firm's name is Cohen, Milstein, Hausfeld & Toll.

registered mailing sent to CMH. It is Plourde's practice to deliver the registered mailing to the addressee after signing for it. Defendants do not dispute they received Trepel's complaint on January 10, 1992. On February 12, 1992, defendants filed a notice of removal.

## III.

Trepel says defendants did not file their notice of removal in a timely manner, and thus the Court must grant his motion to remand. Defendants say: (1) they have not been properly served under Michigan Court Rule 2.105, (2) without proper service, the applicable 30–day statutory period in which to remove a case to federal court, 28 U.S.C. § 1446(b), does not begin to run, and (3) thus, they filed their notice of removal in a timely manner.

Assuming *arguendo* defendants' were improperly served,[2] their argument lacks merit. The relevant legal issue concerns the proper interpretation of the statutory language requiring that filing of a notice of removal "within thirty days after the receipt by defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief based upon which such action or proceeding is based...." 28 U.S.C. § 1446(b) (emphasis added). Defendants incorrectly interpret this language to mean that only proper service of process triggers the statutory period. In so arguing, they rely heavily on *Love v. State Farm Mutual Auto Insurance Co.,* 542 F.Supp. 65 (N.D.Ga.1982). In *Love,* 542 F.Supp. at 68, the United States District Court for the Northern District of Georgia held that the removal period "cannot commence until a plaintiff properly serves defendant with process." Some courts have followed the position articulated in *Love* and held that actual receipt by a defendant of a complaint does not trigger the removal period unless there is also proper service on the defendant. *See generally Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.,* 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Services,* 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Insurance Co.,* 630 F.Supp. 331 (E.D.Cal.1986). This holding is premised largely on the legislative history of 28 U.S.C. § 1446, which some courts have interpreted as suggesting that the "or otherwise" language in 28 U.S.C. § 1446(b) applies only in limited circumstances.[3]

However, the holding in *Love* and its progeny has been rejected by several district courts, which instead have adopted a "Receipt Rule" and foresworn reading 28

---

**2.** In light of the holding, *infra,* the Court need not determine whether defendants were properly served under Michigan law. However, the Court is of the opinion that all three defendants were properly served. It is undisputed that under Michigan law, proper service of Cohen would also effectuate service of CMH and KMCH. Thus, in determining whether defendants were properly served, the dispositive issue is whether Trepel properly served Cohen. Defendants have not cited a single Michigan case suggesting that service on an individual is improper where, as here, a receptionist for a law firm, authorized by the lawyer members to receive all mail, signs for registered mail containing a summons and complaint. *See generally Hill v. Frawley,* 155 Mich.App. 611, 613–14, 400 N.W.2d 328 (1986) (service effective when someone other than defendant signs return receipt of registered mail and defendant acknowledges receiving summons and complaint by retaining counsel and filing a summary disposition motion).

**3.** In *Thomason,* 630 F.Supp. at 333–34, the United States District Court for the Eastern District of California interpreted the legislative history of 28 U.S.C. § 1446(b) as follows:

The "or otherwise" language was added to the statute in 1949. Before the relevant amendment, the statute read "within 20 days after the commencement of the action or service or process, whichever is later." Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases, the removal period could expire before the defendant received a copy of the complaint. Defendant would have to decide whether to petition for removal before knowing what the suit was all about.

Thus, Congress revised § 1446(b).... This change was intended to expand the removal period in state which allowed plaintiff to commence a suit without filing a complaint. Plaintiff is still required to properly serve defendant. The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving [an] initial pleading until some time later.

U.S.C. § 1446(b) as commencing upon proper service of process. *See generally Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211 (W.D.Pa.1981) (service of process not necessary to trigger the removal period); *Dial–In, Inc. v. ARO Corp.*, 620 F.Supp. 27 (N.D.Ill.1985); *General Beverage Sales v. Zonin, S.p.A*, 589 F.Supp. 846 (W.D.Wis. 1984). Courts employing the Receipt Rule, have held that the "key to the time for removal [is the date of] actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim." *Dawson v. Orkin Exterminating Co., Inc.*, 736 F.Supp. 1049, 1053 (D.Colo. 1990) (quoting *Conticommodity Services, Inc. v. Perl*, 663 F.Supp. 27, 30 (N.D.Ill. 1987)); *Tyler*, 524 F.Supp. at 1213.

"The arguments supporting adoption of the Receipt Rule are highly compelling and ultimately persuasive." *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 207 (N.D.Ohio 1991). First, the legislative history of the 1949 amendment of 28 U.S.C. § 1446, *see* n. 3 *supra*, does not lead to the conclusion that the Receipt Rule is demonstrably at odds with Congress' intent or the purpose of the statute. *See Conticommodity Services*, 663 F.Supp. at 30 (citing *French v. Banco Nacional de Cuba*, 192 F.Supp. 579, 580 (S.D.N.Y.1961) (in amending 28 U.S.C. § 1446(b), Congress sought to provide a time limit for removal which would operate with a greater degree of uniformity throughout the federal system; basing the time limit on various and conflicting state laws as to the completion of service runs counter to the goal of uniformity); 14A Wright, Miller and Cooper, *Federal Practice and Procedure* § 3732 at 513, 516 (1985) (approach which ignores technicalities of state law as to completion of service or process is both "practically desirable and perfectly consistent" with the purposes of the removal statute). Next, the Receipt Rule arises from a straightforward interpretation of the clear, unambiguous statutory language of 28 U.S.C. § 1446(b). *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026,

1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)) (the plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters"). Moreover, the Receipt Rule, because it effectively limits the time period during which a defendant may remove a case to federal court, is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal.[4] *Pillin's Place*, 771 F.Supp. at 207; *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). In sum,

> [i]t is now accepted that federal rather than state law determines the timeliness of a petition for removal filed under § 1446(b), and quite obviously, Congress, by adding "or otherwise," intended that "receipt" of necessary information about the action pending in the state court, by the named defendant, need not be confined to that had in accordance with the requirements for service set out in the practice of the particular state.

Annotation, *When Period for Filing Petition for Removal of Civil Action from State Court to Federal District Court Begins to Run under 28 U.S.C.S. § 1446(b)*, 16 A.F.R.Fed. 287, 310 (1973). The Court is satisfied that the Receipt Rule is appropriate to legislative intent the purposes of the statute and the circumstances of this case. Whether there are circumstances where application of the Receipt Rule would be inappropriate need not be determined at this time. Conceivably such circumstances could exist.

Applying the Receipt Rule, it is clear that defendants did not file their notice of removal in a timely manner. The removal period began running on January 10, 1992, when they received copies of the complaint. Defendants did not file their notice of removal until February 12, 1992, or 33 days after they received copies of the complaint. *Douglass v. Weyerhauser Co.*, 662 F.Supp.

---

4. Diversity jurisdiction, of which removal is a part, is not without controversy. *See Report of the Federal Courts Study Committee*, pp. 38–42

(April 2, 1990). The Court is generally sympathetic with the position of the dissenters.

147, 149 (C.D.Cal.1987) (the 30–day time limitation of 28 U.S.C. § 1446(b) are mandatory and the defendant must strictly comply with it). *See also* (citing 14A Wright, Miller and Cooper, *Federal Practice and Procedure* § 3732 at 527 (1985)) (same). Since there is no dispute that the complaint sufficiently apprised defendants of facts that would enable them to make a knowing decision as to removability, the motion to remand is GRANTED and the case is REMANDED to the Wayne County Circuit Court.

SO ORDERED.