**Mari Kristine LOFSTROM, a.k.a. Nini Lofstrom, Plaintiff,**

v.

**Richard DENNIS, Dianne M. Dunne, Reeve/Dennis Properties, Inc., and Does 1 to 100, Defendants.**

**No. C93–1341 TEH.**

United States District Court, N.D. California.

Aug. 13, 1993.

Christopher Cole, San Francisco, CA, for plaintiff.

Gerhard Stoll, San Francisco, CA, for defendants.

## SUPERSEDING ORDER

THELTON E. HENDERSON, Chief Judge.

This matter came before the Court on June 21, 1993 on Plaintiff's motion to remand to state court. After hearing argument from counsel, we ordered Mr. Gerhard Stoll, counsel for Defendant Dianne Dunne, to provide additional information to the Court. On August 2, 1993, after reviewing all available information and carefully considering all arguments presented, we granted Plaintiff's motion for remand. After issuing the August 2 Order, we received additional factual information relevant to the disposition of this motion. Accordingly, we issue this Superseding Order, granting Plaintiff's motion for remand. Our legal analysis and conclusion remain the same, as this Superseding Order only serves to clarify certain facts that were previously obscured.

1. The details of the dispute, however, are not

## NATURE OF THE MOTIONS:

Pursuant to 28 U.S.C. § 1446(b), Plaintiff has moved for this Court to remand this case to San Francisco Superior Court, from which it was removed.

## FACTUAL BACKGROUND:

Plaintiff sued Defendants in state court, alleging breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty, stemming from the nonpayment of a promissory note.[1]

The summons, complaint and form of notice and acknowledgement in the original Superior Court lawsuit were mailed on February 23, 1993 to Defendant Dunne's counsel, Gerhard Stoll ("Stoll"), after Plaintiff's counsel, Christopher Cole ("Cole"), spoke with Stoll about the case. Stoll received these papers on February 25, 1993. Also on February 25, 1993, Stoll received authorization from Defendant Dunne to represent her in this matter. Stoll mailed a copy of the complaint to Defendant Dunne on February 26, 1993, which was received by Dunne a few days thereafter. Thus, as Defendant admits, Defendant Dunne had constructive receipt of the complaint on February 25 and actual receipt a few days thereafter. On March 16, 1993, Stoll executed the notice and acknowledgement and returned it to Cole. Notice of removal was filed in this Court on April 14, 1993, 29 days after formal completion of service but more than 30 days after Stoll's actual receipt, and Dunne's actual receipt of the complaint.

## LEGAL STANDARD:

28 U.S.C. § 1446(b) reads, in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, **through service or otherwise,** of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." (emphasis added).

## DISCUSSION:

■ Plaintiff has moved to remand to state court, based upon the fact that although the notice of removal was filed within 30 days of the date service was formally accom-

relevant for the purposes of this Order.

plished, it was not filed within 30 days of Stoll's receipt of the initial pleadings. The central question presented by this motion is the proper interpretation of the "or otherwise" language in Section 1446(b), specifically whether to start the 30 day removal period upon actual receipt of the complaint or upon completion of formal service.

## I. Date of Receipt.

■ Before discussing the proper interpretation of Section 1446(b), we first address the issue of authorization to receive process. Receipt by anyone authorized by the defendant to receive service is sufficient to start the period for removal running. *See Pochiro v. Prudential Insurance Co. of America*, 827 F.2d 1246 (9th Cir.1987); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir.1988); *General Beverage Sales Company v. Zonin S.p.A.*, 589 F.Supp. 846, 847 (W.D.Wis.1984); Schwarzer, et al., *Cal.Prac.Guide: Fed.Civ.Pro. Before Trial* ¶ 2:904 (1993); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d*, § 3732.

■ Stoll had authorization to represent Defendant Dunne in this matter on February 25, 1993.[2] Under the facts as set forth above, constructive receipt by Defendant Dunne may be set at February 25, 1993 and her actual receipt occurred a few days thereafter. Having established those preliminary facts, we now analyze the requirements of Section 1446(b).

## II. Interpretation of Section 1446(b).

■ We now address the central legal issue of when the 30 day removal period begins under 28 U.S.C. § 1446(b). There are two conflicting lines of cases on the subject—one running from *Love v. State Farm Mutual Automobile Insurance Co.*, 542 F.Supp. 65 (N.D.Ga.1982), requiring formal completion of process, and the other from *Tyler v. Prudential Insurance Company of America*, 524 F.Supp. 1211 (W.D.Pa.1981), holding that actual receipt is all that is necessary to start the removal period. After an examination of

the relevant case law, this Court is of the opinion that the better-reasoned position is to hold that the 30 day period begins to run upon *actual receipt* of the initial complaint.

## A. Perfected Process Rule.

The *Love* line of cases hold that service of process ("the perfected process rule") is a prerequisite for the 30 day removal period to begin. These cases focus on the legislative history of Section 1446(b).

In 1948, Section 1446(b) was revised to provide more uniformity in removal procedures, still requiring formal service of process to start the removal period. *Love*, 542 F.Supp. at 68–69. However, the 1948 revision was "found to create difficulty in those states, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later." Revision Notes to 1949 Act amending 28 U.S.C. § 1446(b). In *Love*, the court observed the following in its interpretation of Section 1446(b):

> Under the 1948 version of section 1446(b), . . . the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to remove the action. It was in response to this problem that Congress revised section 1446(b) to permit removal "within twenty [now thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Thus, the "through service or otherwise" language was intended to expand the removal period in states following the New York Rule. It was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service.

*Love*, 542 F.Supp. at 68 (citations omitted). The interpretation of Section 1446(b) has been expanded further: "The 'or otherwise' language pertains only to those states where plaintiff can commence a suit without filing

---

**2.** Stoll had represented Defendant Dunne in the past and he was authorized to receive service as of the date he received authorization to represent

her in this matter. *See*, generally, *General Beverage Sales Company v. Zonin S.p.A.*, 589 F.Supp. 846, 847 (W.D.Wis.1984).

or serving initial pleading [sic] until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading." *Thomason v. Republic Insurance Co.*, 630 F.Supp. 331, 333–334 (E.D.Cal.1986). Thus, the *Love* line of cases apply the perfected process rule in all states but those with so-called New York Rules. California is not one of those states, so, the argument concludes, service must be perfected before the removal period begins. While many courts have found this logic persuasive, as discussed in Part II.B, *infra*, we find the reasoning of the *Tyler* line to be more persuasive.

Plaintiff also attempts to rely upon the Ninth Circuit's opinion in *Pochiro, supra.* While the Ninth Circuit did reject an attempt to remove beyond the 30 day period, the court did so because there was no "claim that Prudential otherwise received a copy of [the] complaint before ... the thirtieth day prior to the filing of the petition for remand." *Id.* 827 F.2d at 1249. Thus, the Ninth Circuit did not reach the same issue presented today.[3]

### B. Receipt Rule.

The *Tyler* line of cases require only receipt of the complaint and give the "or otherwise" language a common sense reading. Again, the pertinent language reads as follows: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, **through service or otherwise,** of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." 28 U.S.C. § 1446(b) (emphasis added). Several arguments can be made in support of reading this language to start the removal period upon receipt of the complaint.

First, the plain language of the statute shows that formal service is not required,

and we are not to read more into statutes than is clear on the face. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 431–32, 107 S.Ct. 1207, 1213, 94 L.Ed.2d 434 (1987); *INS v. Phinpathya*, 464 U.S. 183, 189, 104 S.Ct. 584, 589, 78 L.Ed.2d 401 (1984); *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). The plain language of Section 1446(b) indicates that the 30 day removal period begins when the defendant receives a copy of the complaint. As Judge Ingram concluded: "This court ... remains convinced that 'receipt by defendant, through service or otherwise' means 'receipt by defendant, through service or otherwise.'" *Silverwood*, 793 F.Supp. at 228. We are equally convinced that reading the plain language of the statute in this manner is most appropriate.

Second, requiring perfected service would run contrary to our instruction from the Ninth Circuit and the Supreme Court "that removal statutes are strictly construed against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Third, Congress' purpose in enacting the removal statute, as noted earlier, was to establish a uniform federal system of removal. If the statute is read literally so that actual receipt of the complaint triggers the removal period, uniformity will be achieved. *See Schwartz Brothers, Inc. v. Striped Horse Records*, 745 F.Supp. 338, 340 (D.Md.1990).

Fourth, the legislative intent argument set forth above is not persuasive. As one district court has observed:

> While *Thomason's* explanation of the purposes behind the amendment is consistent with the house and senate reports on the bill, its conclusion that the "or otherwise"

---

**3.** We also note that there is a split among the district courts in the Ninth Circuit, including many cases dating after *Pochiro.* If the Ninth Circuit had ruled definitively on this question, there would be no more room for disagreement. *See Bennett v. Allstate Insurance Co.*, 753 F.Supp. 299 (N.D.Cal.1990) (service required); *Student A. v. Metchlo*, 710 F.Supp. 267 (N.D.Cal.1989) (service required); and *Apache Nitrogen Products, Inc. v. Harbor Insurance Co.*, 145 F.R.D. 674

(D.Ariz.1993) (service required); *but cf. Silverwood Estates Development Limited Partnership v. Adcock, infra,* 793 F.Supp. 226, 228 (N.D.Cal. 1991) (service not required); *Uhles v. F.W. Woolworth Co.*, 715 F.Supp. 297 (C.D.Cal.1989) (service not required); and *Pic–Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113, 1116 (D.Nev. 1989) (service not required). This clear split in the Circuit lends support to our belief that this issue is appropriate for interlocutory appeal.

language is intended only for those states following the "New York rule" is not. Whatever the congressional impetus for the amendment, if Congress had intended to require service, in all circumstances, or limit the "or otherwise" language to application in certain states, it surely could have written the statute explicitly to achieve that result.

*Pic–Mount,* 708 F.Supp. at 1116. Indeed, the statutory interpretation argument from *Love* and its progeny seems strained and contrary to our task of taking statutes on their face.

## CONCLUSION:

For all the reasons set forth above, we follow the receipt rule, as set forth in *Tyler* and its progeny, find that the 30 day removal period begins upon actual receipt, and **GRANT** the motion to remand.

Finally, counsel have indicated an intention to file an interlocutory appeal in this matter. This Court is of the opinion that this Order involves a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of this litigation. Therefore, the Court is of the opinion that this Order is appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292. Moreover, should this Order be appealed, all proceedings in this case shall be stayed pending the ultimate resolution by the Court of Appeals.

**IT IS SO ORDERED.**