**Sylvia A. BULLARD, Individually and as Personal Representative of the Estate of Benjamin Ramirez, Plaintiff,**

**Sylvia A. Bullard, Individually and as Personal Representative of the Estate of Mercedes Dee Ramirez, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Nos. 96–0348–CV–W–2, 96–0349–CV–W–2.**

United States District Court,
W.D. Missouri,
Western Division.

May 29, 1996.

Vivian W. McLeod, R. Denise Henning, David R. Morris, The McLeod Law Firm, Kansas City, MO, Gary W. Collins, Rashell Roth, Attorney at Law, Kansas City, MO, for plaintiff.

Karen A. Brady, Harvey L. Kaplan, Larry R. O'Neal, Shook, Hardy & Bacon, P.C., Kansas City, MO, Jeffrey L. Groves, Garten & Groves, Blue Springs, MO, for defendant.

## ORDER

GAITAN, District Judge.

### I. INTRODUCTION

On February 21, 1996, plaintiff in the above-titled action filed two separate lawsuits in the Circuit Court of Jackson County, Missouri against defendant American Airlines, Inc. ("American") for the death of her parents, Benjamin and Mercedes Ramirez. Plaintiff brought the action pursuant to Mo. Rev.Stat. § 537.080 ("Missouri Wrongful Death Statute"). Plaintiff's parents died on December 20, 1995 in the crash of American Flight 956 near Cali, Columbia.

On February 21, 1996, attorney for plaintiff faxed copies of the file stamped petitions along with a cover letter to Robert L. Alpert. In sum, the letter stated that "Attached you will find file-stamped courtesy copies of two petitions, which were filed earlier today. These petitions will be served later this week." (Plaintiff's Motion To Remand, Ex. O). Alpert is an attorney and president of International Claims and Litigation Management Group Incorporated, also known as ICALM Group ("ICALM"). ICALM represents the insurers of American and is a separate and independent corporate entity from American. In her affidavit, plaintiff's coun-

sel maintains that ICALM plays an active role in the management of American's litigation. Plaintiff's counsel contends that Alpert and or other employees or officers of ICALM hired various firms to represent American regarding the Flight 956 crash. In fact, plaintiff maintains that Alpert held himself out as being in a leadership role in the representation of American. As such, plaintiff maintains that the "service" of Alpert was sufficient to provide notice to American. In his affidavit, Alpert maintains that plaintiff's counsel has acknowledged that he had at no time stated to her that he was an agent authorized to accept service on behalf of American or that he would accept service of process on behalf of American. (American's Suggestions In Opposition, Exh. B).

On March 6, 1996, service of process was made on American's registered agent in Missouri, the CT Corporation, St. Louis, Missouri. On March 29, 1996, American removed this case pursuant to 28 U.S.C. § 1446. On April 6, 1996, American filed an answer to plaintiff's petition for wrongful death and a motion to dismiss plaintiff's petition. In its motion to dismiss, American maintains that the action should be dismissed because 49 Stat. 3000, T.S. (1934) (reprinted in note following 49 U.S.C. § 1502 (1988 ed.)) ("Warsaw Convention") governs actions such as this. On April 19, 1996, plaintiff filed a motion to remand. In the motion to remand, plaintiff argues that the removal petition is procedurally defective in that it was not filed in conformity with the thirty day rule of 28 U.S.C. § 1446(b). Both motions are currently pending before this Court.

## II. DISCUSSION

### A. Motion To Remand

Section 1446(b) of Title 28 of the United States Code provides in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C. § 1446(b) (emphasis added). The interpretation of the phrase "through service or otherwise" lies at the heart of the dispute between the parties. Plaintiff urges the Court to construe the phrase to mean that the thirty day period began to run when Alpert received the faxed copies of the petitions on February 21, 1996. Under plaintiff's interpretation of the rule, American's filing of the Notice of Removal on March 29, 1996 was seven days late. Predictably, American urges the better construction of the rule is that a defendant's removal clock does not begin to run until after service of process. Both parties acknowledge the split among courts in regard to whether a copy of the complaint suffices to start the time running under the statute.

One group of courts has adopted what has been described as the "receipt rule." Under this view, the actual receipt by a defendant of a complaint is sufficient to commence the thirty day period, irrespective of the technicalities of service of process requirements. *See Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963 (6th Cir.1993); *Mermelstein v. Maki,* 830 F.Supp. 180 (S.D.N.Y.1993); *Trepel v. Kohn, Milstein, Cohen & Hausfeld,* 789 F.Supp. 881 (E.D.Mich.1992); *Pillin's Place, Inc. v. Bank One,* 771 F.Supp. 205 (N.D.Ohio 1991). Proponents of this view conclude that there is nothing which compels the conclusion that service of process is necessary to commence the removal period. *Tech Hills II,* 5 F.3d at 968. These courts give three reasons for this position: "(1) the rule arises from a straightforward interpretation of the clear statutory language; (2) the legislative history does not lead to the conclusion that the rule is 'demonstrably at odds' with Congress' intent in amending section 1446(b), and (3) the rule is consistent with the longstanding principle that the removal statues are to be construed strictly, narrowly and against removal." *Id.* (citations omitted).

In contrast, another group of courts have followed the position first articulated in *Love v. State Farm Mutual Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982). In sum, these courts maintain that the thirty day removal period begins to run when a defendant has

received a copy of the complaint and summons by receipt of service. *See City National Bank of Sylacauga v. Group Data Servs.,* 908 F.Supp. 896 (N.D.Ala.1995); *Marion Corp. v. Lloyds Bank, PLC,* 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.,* 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Servs.,* 643 F.Supp. 168 (S.D.Miss.1986); *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351 (E.D.Mo. 1981); *see also Apache Nitrogen Products, Inc. v. Harbor Ins. Co.,* 145 F.R.D. 674 (D.Ariz.1993).

The *Love* court reasoned that the phrase "through service or otherwise" was intended to expand the removal period in states permitting suit to be commenced merely by serving defendant with summons. The court stated that the amendments were not designed to permit a plaintiff to circumvent the personal service requirements through informal service. The *Love* court explained:

> Prior to 1948, a removal petition was in essence a state court responsive pleading; it was filed in that court within the time permitted to answer a complaint as established by the state's rules of civil practice. In 1948, in an attempt to make the removal procedure more uniform, Congress revised section 1446(b) to provide that the removal petition be filed in federal court "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 9393 (1948). Under this formulation, of course, the removal period could not begin until service of process had been obtained. Problems arose, however, in those states such as New York which permitted a plaintiff to commence a suit without serving or filing a complaint, merely by serving the defendant with a summons. Under the 1948 version of section 1446(b), in such cases the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to remove the action. It was in response to this problem that Congress revised section 1446(b) to permit removal "within twenty [now thirty] days after receipt by the defendant, through service or otherwise of a copy of the initial pleading." *See* H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* (1949) U.S.Code Cong.Serv. 1254, 1268. Thus, "the through service or otherwise" language was intended to expand the removal period in states following the New York Rule. It was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service.

*Love,* 542 F.Supp. at 67–68 (footnote and citation omitted).

Upon careful review of the legislative history of the rule, this Court is in agreement with the courts that explicitly reject the "receipt rule." The amendments to the rule were designed as procedural safeguards, not as a tool for circumvention of the well established rules regarding service of process.[1] The Court declines plaintiff's invitation to provide tacit approval to a rule which has the potential of allowing the time for removal to run even before service is accomplished. Accordingly, plaintiff's motion to remand is denied.

### B. Motion To Dismiss

On May 10, 1996, American filed a motion with the Judicial Panel for Multidistrict Litigation to consolidate all actions arising out of the crash of Flight 956. In light of this development, the Court will stay ruling on

---

1. The Committee report states in relevant part: Subsection (b) of section 1446 of title 28 U.S.C., as revised, has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later. The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading. This provision, however, with-

out more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of summons. H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* (1949) U.S.Code Cong.Serv. at 1268.

the motion to dismiss pending the ruling on the motion to consolidate.

## III.  CONCLUSION

Accordingly it is **ORDERED** that:

(1) plaintiffs' motion for remand is **DE-NIED;**

(2) defendant's motion to dismiss is **STAYED,** pending the ruling on the motion to consolidate.