**BEAL BANK, S.S.B.,**

v.

**CJP, L.L.C.; CJP Investments, L.L.C.; and Carl J. Privatera.**

**Civil No. 1:97–cv–392–ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 6, 1997.

Jay Michael Barber, Ogletree Deakins Nash Smoak & Stewart, Atlanta, GA, for Plaintiff.

Herbert Dale Shellhouse, Earnest Redwine, Jr., Troutman Sanders, Atlanta, GA, for Defendants.

## *ORDER*

ORINDA D. EVANS, District Judge.

This diversity civil action, in which plaintiff seeks compensatory and punitive damages pursuant to state law claims, is before the court on Plaintiff's motion to remand, to which Defendants have filed a response.[1]

Plaintiff filed this action in the Superior Court of DeKalb County, Georgia on November 7, 1996. On November 9, 1996, Earnest Redwine, Jr. ("Redwine"), of Troutman Sanders, L.L.P., attorneys for Defendants, was served with a courtesy copy of the file-stamped complaint, return receipt requested. (Pl.'s Mot. to Remand at ¶ 2). Along with the courtesy copy of the file-stamped complaint, Plaintiff's counsel David A. Hughes ("Hughes") included a cover letter addressed to Redwine, in which Hughes stated: "I enjoyed speaking with you this morning. This

will confirm your representation of Carl J. Privatera, CJP, L.L.C. and CJP Investments, L.L.C. As discussed, we have filed an action to set aside foreclosure against these three defendants. A courtesy copy of the complaint is attached for your review." (Ex. 2 to Pl.'s Mot. to Remand).

On or about January 16, 1997, Defendant Privatera was served with the summons and original complaint. With respect to Defendant CJP Investments, L.L.C. ("CJP Investments"), although Plaintiff contends that this Defendant was also served with the summons and original complaint on January 16, 1997, Defendant CJP Investments disputes this assertion. (*See* Aff. of Josephine Privatera, attached as Ex. 2 to Defs.' Br. in Opp'n to Pl.'s Mot. to Remand). Nonetheless, on February 13, 1997, Defendants removed this action to this court, premising subject matter jurisdiction on 28 U.S.C. § 1332. Thereafter, on March 12, 1997, Plaintiff filed the motion to remand that is presently before the court.

In support of its motion to remand, Plaintiff presents several arguments, the foremost being that 28 U.S.C. § 1446(b) requires that this action be remanded to state court. In relevant part, 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.... " Thus, Plaintiff argues, because Defendants failed to remove this action within thirty days after November 9, 1996, the day on which Defendants' attorney received a file-stamped copy of Plaintiff's complaint, Defendants waived the right to remove this action to federal court.

In opposing Plaintiff's position, Defendants rely on *Love v. State Farm Mutual Auto. Ins. Co.*, 542 F.Supp. 65, 67 (N.D.Ga.1982), in which the undersigned addressed the question of whether defendant's receipt of an unconformed copy of a complaint, in the absence of proper service, commences the thir-

---

1. Although CJP, L.L.C. is named as a Defendant in this action, according to the other named Defendants, there is no such entity separate from Defendant CJP Investments, L.L.C. Thus, for this reason, and because no process was ever served upon Defendant CJP. L.L.C., the court will dismiss Defendant CJP, L.L.C. without further discussion.

ty day removal period. In answering this question in the negative, the court reasoned that although the plain language of § 1446(b) supports the position that a defendant's receipt of a complaint, without proper service, triggers the commencement of the removal period, both the purpose and legislative history of § 1446(b) dictate the conclusion "that the removal period ... cannot commence until a plaintiff properly serves defendant with process." *Id.* at 68.

Since this court decided *Love* a number of courts have had occasion to evaluate the rationale of the *Love* decision; although some courts have chosen to follow *Love* by adopting what is now known as the "proper service rule," *see Bullard v. Am. Airlines, Inc.,* 929 F.Supp. 1284, 1285–86 (W.D.Mo.1996); *City Nat. Bank of Sylacauga v. Group Data Servs.,* 908 F.Supp. 896, 897–98 (N.D.Ala. 1995); *Bennett v. Allstate Ins. Co.,* 753 F.Supp. 299, 303–04 (N.D.Cal.1990); *Hunter v. Am. Express Travel Related Servs.,* 643 F.Supp. 168, 170 (S.D.Miss.1986); and *Thomason v. Republic Ins. Co.,* 630 F.Supp. 331, 333–34 (E.D.Cal.1986), a growing majority of courts that have considered the issue have criticized *Love,* and, instead, adopted the "receipt rule." *See Roe v. O'Donohue,* 38 F.3d 298, 303 (7th Cir.1994); *Tech Hills II v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 967–68 (6th Cir.1993); *Benton v. Washington Radiology Assocs., P.C.,* 963 F.Supp. 500, 501–03 (D.Md.1997); *Spielman v. Standard Ins. Co.,* 932 F.Supp. 246, 247–48 (N.D.Cal.1996); *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1032–33 (S.D.Tex.1995); *Blair v. Williford,* 891 F.Supp. 349, 350–51 (E.D.Tex.1995); *Burr v. Choice Hotels, Intern., Inc.,* 848 F.Supp. 93, 94–95 (S.D.Tex. 1994); *Shoemaker v. GAF Corp.,* 814 F.Supp. 495, 496–99 (W.D.Va.1993); *City of New Orleans v. Illinois Cent. Railroad Co.,* 804 F.Supp. 873, 874, 876 (E.D.La.1992); *Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207, 209–13 (E.D.Mich.1992); *Trepel v. Kohn, Milstein, Cohen and Hausfeld,* 789 F.Supp. 881, 882–84 (E.D.Mich.1992); *Pillin's Place, Inc. v. Bank One, Akron. N.A.,* 771 F.Supp. 205, 206–08 (N.D.Ohio 1991); and *Conticommodity Servs., Inc. v. Perl,* 663 F.Supp. 27, 28–31 (N.D.Ill.1987); *see also Reece v. Wal–Mart Stores. Inc.,* 98 F.3d 839, 841 (5th Cir.1996).

Despite the diverging opinions among courts that have heretofore addressed this issue, and despite this court's view of this subject as outlined in *Love,* on October 24, 1997, the United States Court of Appeals for the Eleventh Circuit handed down a decision that effectively overrules *Love.* Specifically, in *Michetti Pipe Stringing, Inc. v. Murphy Brothers. Inc.,* 125 F.3d 1396 (11th Cir. 1997), the Eleventh Circuit addressed the issue of "whether the thirty-day removal period provided by 28 U.S.C. § 1446(b) begins when the defendant receives a copy of plaintiff's initial pleading, or when the defendant is served with a copy of that pleading." *Id.* at 1397. Concluding that the thirty-day removal clock starts to tick when a defendant receives a copy of a filed initial pleading, the court stated: "If a statute is clear, it means what it says. We therefore join the other circuit courts that have confronted the issue and hold that the thirty-day removal period begins to run when a defendant actually receives a copy of a filed initial pleading by any means." *Id.* at 1397 (footnotes omitted). Thus, although this decision does not specifically mention *Love, Michetti* directly overrules the adoption of the "proper service rule" by this or any other federal district court within the Eleventh Circuit.

The Eleventh Circuit's decision to adopt the "receipt rule," does not, however, end the inquiry in the instant case; under § 1446(b), the court is required to determine whether receipt of the complaint by Redwine on November 9, 1996 constitutes "receipt by defendant" as that phrase is used in § 1446(b).

■ Generally, a complaint is considered received when it is "received by anyone authorized. to accept process for the defendant...." 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3732 at 513–14. Here, Defendants concede that Redwine represented Defendants on the foreclosure that is the focus of Plaintiff's complaint in the present case. (Defs.' Br. in Opp'n to Pl.'s Mot. to Remand at 3). Moreover, and perhaps most importantly, in the November 8, 1996 letter from Hughes to Redwine, Hughes stated:

I enjoyed speaking with you this morning. This will confirm your representation

of Carl J. Privatera, CJP, L.L.C. and CJP Investments, L.L.C.

As discussed, we have filed an action to set aside foreclosure against these three defendants. A courtesy copy of the complaint is attached for your review.

Please give me a call if you have any questions. I look forward to working with you on this matter.

Based upon this language, one can reasonably conclude that attorney Redwine would represent Defendants in the instant action, and that, therefore, he possessed the authority to accept process for Defendants. Consequently, because Defendants failed to remove this action within thirty days after November 9, 1997, the day on which Redwine received a file-stamped copy of the complaint and cover letter, Defendants' notice of removal was untimely.

Accordingly, Defendant CJP, L.L.C. is hereby DISMISSED; Plaintiff's motion to remand [# 4] is hereby GRANTED.