**Mark TOOLE, Plaintiff,**

v.

**The QUAKER OATS COMPANY, Defendant.**

**No. 98–4159–CV–C–SOW.**

United States District Court,
W.D. Missouri,
Central Division.

Aug. 21, 1998.

David Eric Sowers, St. Louis, MO, for Plaintiff.

James N. Foster, Tom Bell, Kevin J. Lorenz, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Defendant.

### *ORDER*

SCOTT O. WRIGHT, Senior District Judge.

Before this Court is the plaintiff's Motion to Remand (Doc. # 3). For the reasons discussed below, the Motion is denied.

Plaintiff argues that this case should be remanded due to the defendant taking in excess of thirty days to remove the case. Plaintiff filed suit on March 20, 1998, mailed a copy to the President of Quaker Oats (the letter and petition were sent certified mail, although no return receipt was requested and the U.S. Post Office did not stamp the receipt) and talked to defense counsel on April 9, 1998. Defendant claims that they were served on May 28, 1998 and removed the case on June 22, 1998, well within the thirty days allotted by 26 U.S.C. § 1446(b).

The true conflict rests in the statutory language of § 1446(b): "notice of removal ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Although there is some dispute among district courts, the Eighth Circuit appears to be requiring actual service of the petition. *See Neal v. Wilson,* 112 F.3d 351, 355 (8th Cir. 1997); *Financial Timing Publications, Inc. v. Compugraphic Corp.,* 893 F.2d 936, 939 (8th Cir.1990). Additionally, another judge in the Western District also requires actual service of process. *Bullard v. American Airlines, Inc.,* 929 F.Supp. 1284 (W.D.Mo. 1996). To decide otherwise would encourage plaintiffs to not formally serve process on a defendant to avoid removal.

Accordingly, it is hereby

ORDERED that plaintiff's Motion to Remand (Doc. # 3) is denied.