Benjamen T. Rowe, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Patrick H. Sims, Donald J. Stewart, Mobile, Ala., for plaintiff.

Louis Braswell, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for defendant.

**MARION CORPORATION, Plaintiff,**

v.

**LLOYDS BANK, PLC, Defendant.**

**Crim. No. 90–0228–AH–C.**

United States District Court,
S.D. Alabama, S.D.

June 6, 1990.

ORDER

HOWARD, Chief Judge.

This cause is before the Court on plaintiff's motion for remand to the Circuit Court of Mobile County, and for an award of attorney's fees and costs incurred as a result of the removal. (Doc. # 7). As grounds for the motion, plaintiff states that the action was not removed within the time limits set out in 28 U.S.C. § 1446(b). Defendant contends that the action was timely removed.

*Factual Background.*

The following undisputed facts set out the context in which this issue arose:

Plaintiff Marion Bank ("Marion") filed this case in the Circuit Court of Mobile County, Alabama, on February 5, 1990. Bankruptcy counsel for defendant Lloyds Bank, PLC ("Lloyds") requested and obtained an as-filed copy of the complaint from Marion's counsel on February 6, 1990. On February 16, 1990 defense counsel "on behalf of Lloyds Bank PLC" advised plaintiff's counsel by letter of Lloyds' belief that "the Marion lawsuit" is "frivilous [sic] and was filed in bad faith" and further advised that "Lloyds will hold Marion Corporation liable for all losses, damages, costs, and expenses suffered by Lloyds as a result of Marion's wrongful conduct." Marion effected formal service of process on Lloyds on February 21, 1990. Lloyds removed the case to this Court on March 22, 1990.

*Removal.*

■ Title 28 U.S.C. § 1446(b), which sets out the procedure for removal, provides in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.... (emphasis added).

It is the underlined portion of this section that presents the difficulty in the case at bar. Marion contends that the "or otherwise" language means that the removal period starts to run from the time that defendant receives, by any means, a copy of the initial pleading. Lloyds' position is that the time period starts to run from the date of service in states such as Alabama which provide for the service of a copy of the initial pleading with the summons, and that the "or otherwise" language covers circumstances which arise in certain states wherein an action may be commenced by methods other than filing a complaint, and a copy of the initial pleading need not accompany the service of the summons on the defendant. While the time limit of § 1446 is not jurisdictional, it is a strictly applied rule of procedure, and untimeliness is a ground for remand, *Weaver v. Miller Elec. Mfg. Co. Inc.*, 616 F.Supp. 683, 685 (S.D.Ala.1985) (*citing Powers v. Chesapeake & Ohio Ry*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)); thus, if Marion's interpretation of the statute is correct, this action would be due to be remanded.

There are two lines of district court cases interpreting this language. One supports the plaintiff's position, and one supports the defendant's: Each side contends that it's is the majority position. *Love v. State Farm Mut. Auto. Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), held that formal service of process is a prerequisite to the commence-

ment of the removal period. *Tyler v. Prudential Ins. Co. of Am.*, 524 F.Supp. 1211 (W.D.Penn.1981) held that it is not. There are several federal district court cases supporting each of these positions. The *Love* line of cases tends to look to the legislative history behind the statute and conclude that Congress meant to solve problems which had arisen in certain states under the former statute, and not to shorten the removal period. Under the *Tyler* line of cases, the fact that service of process has not been effected under state law does not control for removal purposes, so long as the defendant has received an initial pleading which contains sufficient information from which the defendant can ascertain that the action is removable. *See e.g.* *Pic-Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113, 1117 (D.Nev.1989).[1] As none of the cases interpreting this point are binding on this court, and as the Court is not fully persuaded by the reasoning in any single case, some further analysis of the statute is necessary.

■ Preliminarily, the Court notes that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Well established rules of statutory construction provide that "the starting point for interpreting a statute is the language of the statute itself." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766, 772 (1980): *See also Watt v. Alaska*, 451 U.S. 259, 264–66, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981) *citing Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 765, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (POWELL, J. concurring). Words should be given their "plain meaning," that is, the meaning they have in "common usage," *Id.*, and "in the absence of a conflict between the reasonably plain meaning and legislative history, the words of the statute must prevail," *Aaron*

---

**1.** The *Tyler* position finds support in a Seventh Circuit case holding that "removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first." *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir.1982) (citing 28 U.S.C. § 1446(b)). While this quote supports Marion's position, the Court has carefully reviewed the case, and has determined that the above-quoted statement is dictum, and since it appears as dictum in a non-binding case, this Court declines to follow it.

*v. SEC,* 446 U.S. 680, 699–700, 100 S.Ct. 1945, 1957, 64 L.Ed.2d 611 (1980): *See also Consumer Product Safety,* 447 U.S. at 108, 100 S.Ct. at 2056, 64 L.Ed.2d at 772 ("Absent a clearly expressed legislative intent to the contrary, [the] language must ordinarily be regarded as conclusive.") Here, however, the words "or otherwise" are so vague as to have no meaning. Receipt of a complaint through service "or otherwise" taken to its literal conclusion could mean that any receipt of a complaint is sufficient to start the removal time period running. Further, although the language of the statute is the starting point,

> ascertainment of the meaning apparent on the face of a single statute need not end the inquiry. .... The circumstances of the enactment of particular legislation may persuade a court that Congress did not intend words of common meaning to have their literal effect.

*Watt v. Alaska,* 451 U.S. 259, 264–66, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981) (citations omitted). In analyzing a statute, "[the Court's] task is to interpret the words of [the statute] in light of the purposes Congress sought to serve." *Dickerson v. New Banner Institute,* 460 U.S. 103, 118–20, 103 S.Ct. 986, 995, 74 L.Ed.2d 845, 858–59 (1983) (*quoting Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 608, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508, 516–17 (1979)). Further, "while it is true that the language of a statute should be interpreted according to its ordinary, contemporary and common meaning, this plain-meaning rule should not be applied to produce a result which is actually inconsistent with the policies underlying the statute." *Bailey v. USX Corp.,* 850 F.2d 1506, 1509 (11th Cir.1988) (citation omitted).

In 1949, Congress revised 28 U.S.C. § 1446(b) to correct a situation which existed in New York, and states following the New York rule, which did not require that the initial pleading accompany service of process. The legislative history for the 1949 revision of the bill reads as follows:

### SECTION 83 OF BILL

Subsection (b) of section 1446 of title 28, U.S.C. as revised [in 1948], has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.

The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.

This provision, however, without more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly, the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of the summons.

H.R.Rep. No. 352, 81st Cong., 1st Sess., reprinted in 1949 U.S.Code Cong.Serv. 1248, 1254, 1268.

Thus, the 1949 amendment was intended to expand the removal period in states following the New York rule, not to diminish the right to removal. *See Love* 542 F.Supp. at 68.

In light of the fact that the language of the statue is not clear, particularly in view of the purpose for which the statute was amended, and in light of the legislative history of the statute, the Court adopts the holding of the *Love* court that the removal period set forth in 28 U.S.C. § 1446(b) cannot commence until a defendant is served with process.

Lloyds was served with process on February 21, 1990 and removed the case to this Court on March 22, 1990. This action was timely removed to this Court, and accordingly, plaintiff's motion for remand and for an award of attorney's fees is DENIED.