**PILLIN'S PLACE, INC., et al., Plaintiffs,**

**v.**

**BANK ONE, AKRON, N.A., and Bank One, Cleveland, N.A., Defendants.**

**No. 5:91 CV 1073.**

United States District Court, N.D. Ohio, E.D.

Aug. 12, 1991.

Jacob A. Frydman, Cleveland, Ohio, for plaintiffs.

Donald W. Davis, Jr. and Ronald N. Towne, Guy, Lambert & Towne, Akron, Ohio, for Bank One, Akron, N.A.

Walter J. Rekstis, III and David Wallace, Squire, Sanders & Dempsey, Cleveland, Ohio, for Bank One, Cleveland, N.A.

### ORDER

BATTISTI, District Judge.

Before the court is Plaintiffs Pillin's Place, Inc. ("PPI") and Tina Lawson's motion to remand the instant action to the Court of Common Pleas, Cuyahoga County, Ohio, and to order the Defendants, Bank One, Akron, N.A. ("BOA") and Bank One, Cleveland, N.A. ("BOC") to pay the Plaintiff's costs and attorney's fees.

Jurisdiction in the federal district court is allegedly predicated upon violations of federal statutory law. 28 U.S.C. §§ 1331 & 1441 (1988).

## I. FACTUAL BACKGROUND

The instant case arises out of an automobile lease agreement between the Plaintiffs and North Country Leasing Co. The Plaintiffs allege that the lease was subsequently assigned to and breached by BOA and BOC and that in connection therewith BOA and BOC deliberately submitted erroneous information about Lawson to a credit bureau in violation of 15 U.S.C. § 1681. Plaintiffs seek declaratory relief and an award of compensatory and punitive damages.

On April 26, 1991, the Plaintiffs filed their complaint and telecopied a facsimile of the complaint to Lee Brown, the manager of BOA's auto lease collections department. The first page of the telecopier transmission identified the document as a "[c]ourtesy copy of the [c]omplaint" filed by the Plaintiffs that day. See Defendant's Brief in Opposition to the Motion to Remand, Exhibit A (Affidavit of Lee Brown), Exhibit 1 (copy of material received by facsimile transmission on April 26, 1991). The Defendants were properly served with summons and copies of the complaint on May 6, 1991.

On May 31, 1991, the Defendants removed the instant case to the federal district court, pursuant to 28 U.S.C. § 1441, alleging that the action arose under the laws of the United States.

On June 19, 1991 the Plaintiffs filed their motion to remand. The Plaintiffs claim that (1) the district court lacks subject matter jurisdiction because the Plaintiffs have not alleged a cause of action arising under the laws of the United States, and (2) removal is improper because the BOA failed to file its notice of removal within the thirty day removal period provided in 28 U.S.C. § 1446(b).

For the reasons stated herein, the motion to remand is GRANTED, and the motion for costs and fees is DENIED.[1]

## II. ANALYSIS

It has long been settled that as a general principle the removal statutes are to be construed strictly out of "[d]ue regard for the rightful independence of state governments...." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Further, "[t]he party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98, 42 S.Ct. 35, 37–38, 66 L.Ed. 144 (1921)).

Section 1446(b) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

"The [§ 1446] requirement for timely filing is not jurisdictional, but it is mandatory and must be strictly applied." *Shadley v. Miller*, 733 F.Supp. 54, 55 (E.D.Mich.1990) (citations omitted).

The issue raised by the Plaintiff's motion is whether the April 26, 1991 facsimile transmission to Brown triggered § 1446(b)'s thirty day removal period.

The Defendants correctly notes that there is a split of authority on the proper interpretation of the words "receipt ... through service or otherwise...."

Courts adopting the "Proper Service Rule" look to the legislative history behind the 1949 amendment of § 1446(b) which

1. Inasmuch as the court finds that the instant action was not timely removed, it is not necessary to address the issue of jurisdiction.

added the "service or otherwise" language to the statute.[2] *Love v. State Farm Mutual Automobile Insurance Co.*, 542 F.Supp. 65, 68 (N.D.Ga.1982). *See also, Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377, 1379 (S.D.Ala.1990). In so doing, they construe the 1948 amendment solely as an attempt to alleviate confusion which had arisen in states in which an action could be commenced without service of the complaint. *Id.* Accordingly, under the Proper Service Rule, the statutory period does not begin to run until the defendant has received a copy of the complaint by "service or otherwise," and has also been properly served with process pursuant to State law. *Id.*

The flaw in this line of reasoning is that it ignores the clear and unambiguous language of the statute. As the Supreme Court of the United States has frequently noted, "[i]nterpretation of a statute must begin with the statute's language." *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 300, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) (citations omitted). "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

Although the legislative history relied upon by *Love* and its progeny clearly indicates one motivating factor in the decision to amend § 1446(b), it is silent on the issue of whether formal service is necessary to trigger the running of the removal period.

**2.** Prior to 1949, § 1446(b) provided that an action must be removed "within twenty days after commencement of the action or service of process, whichever is later." The relevant portion of the legislative history states as follows:

Subsection (b) of section 1446 of title 28, U.S.C. as revised, has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.

Accordingly, many federal courts have adopted a "Receipt Rule," holding that service of process under state law is not necessary to trigger the removal period. *Tyler v. Prudential Ins. Co. of America*, 524 F.Supp. 1211 (W.D.Pa.1981). Courts employing the Receipt Rule, have held that "the key to the time for removal [is the date of] actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim." *Dawson v. Orkin Exterminating Co., Inc.*, 736 F.Supp. 1049, 1053 (D.Colo.1990) (citations and internal quotation marks omitted).

The arguments supporting adoption of the Receipt Rule are highly compelling and ultimately persuasive. First, the Receipt Rule arises from a straightforward interpretation of the clear statutory language. Second, the legislative history does not lead to the conclusion that the Receipt Rule is "demonstrably at odds" with Congress' intent in amending § 1446(b). *See, e.g., Conticommodity Services, Inc. v. Perl*, 663 F.Supp. 27, 30 (N.D.Ill.1987) (discussing the ambiguity of the 1949 legislative history and its various federal court interpretations). And third, the Receipt Rule is most in keeping with the strict interpretation of the removal statute required by Supreme Court and Sixth Circuit precedent. Accordingly, the court adopts the Receipt Rule as the proper guide for determining when the statutory removal period began to run.

■ Although, the facsimile of the complaint was telecopied on April 26 1991, a Friday, at 5:46 p.m., Lee Brown states in his affidavit that he first saw it on Monday, April 29, 1991. It is clear, however, and the Defendants admit, that the Notice of Removal was not filed within thirty days of either date.

The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.

H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* 1949 U.S.Code Cong.Serv. 1248, 1254, 1268.

The Defendants argue that "[a] corporation cannot be served with a Complaint through any one of its thousands of employees at plaintiffs' choosing." In the instant case, however, the Plaintiffs' telecopy was hardly directed at a random employee. Brown was the manager of BOA's Auto Lease Collections Department, the department out of which this litigation arose.

If delivery of the initial pleading is made in a manner which, objectively viewed, is calculated to give fair notice to the defendant, the receipt is sufficient to trigger the statutory removal period. Presumably, Brown, as manager of the Auto Lease Collection Department, was aware of the dispute between the Plaintiffs and BOA. It is not an unreasonable assumption that a department manager such as Brown would inform his superiors or corporate counsel of the initiation of legal proceedings arising out of his department's business.[3]

Inasmuch as the initial pleading was received by the defendant no later than April 29, 1991, and the notice of removal was not filed until May 31, 1991, removal was not timely.

The court finds no basis for an award of costs or attorney's fees.

Accordingly, Plaintiffs' motion to remand is GRANTED, Plaintiffs' motion for costs and attorney's fees is DENIED, and the case is REMANDED to the Court of Common Pleas, Cuyahoga County, Ohio.

IT IS SO ORDERED.

---

**3.** Contrary to the Defendants' suggestions, there is nothing in the record that indicates that the Plaintiffs were attempting to "reap the benefits of gamesmanship." Although the Defendants make much of the fact that the telecopy arrived after hours on a Friday afternoon, they do not mention that the complaint was not filed until 4:42 p.m. on the same day. The Plaintiffs, therefore, provided the Defendants with a copy of the complaint within one hour of its filing.