David TOMPKINS and Terry Tompkins

v.

LOWE'S HOME CENTER, INC., John Doe and XYZ Insurance Company.

Civ. A. No. 93–2441.

United States District Court, E.D. Louisiana.

March 9, 1994.

David Blayne Honeycutt, Fayard, Harris, Roethele & Honeycutt, Denham Springs, LA, for plaintiffs.

William E. Scott, Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for defendants.

1. Plaintiff's have substituted the company's correct name, Lowe's Companies, Inc., for Lowe's

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Plaintiffs ask the court to remand this matter to the 21st Judicial District of Louisiana because this court lacks jurisdiction. Having considered the memoranda, the record, and the applicable law, the court grants the motion for the reasons that follow.

## BACKGROUND

The action arises from personal injuries sustained by plaintiffs when a Lowe's employee allegedly knocked a steel pipe from a shelf onto David Tompkins' big toe. Plaintiffs filed suit in Louisiana state court against Lowe's Home Center[1] ("Lowe's") and a fictitious employee and insurance company. Plaintiffs claim that they were unable to determine the defendant employee's name at the time of filing. Lowe's, the only named defendant, removed the suit based on diversity of citizenship as provided for by 28 U.S.C. § 1332(a) because plaintiffs are Louisiana residents and Lowe's is a citizen of North Carolina. After removal, plaintiffs identified the defendant employee as Randy Prevost and amended their complaint to include him. Lowe's did not oppose the motion to amend the complaint.

Plaintiffs claim that the matter should be remanded to state court because Prevost is a Louisiana resident who destroys the complete diversity requirement of 28 U.S.C. § 1332(a).

Defendant argues that the removal statute, 28 U.S.C. § 1441(a) provides that citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. Thus, the court should consider only the citizenship of plaintiff and Lowe's in deciding whether diversity jurisdiction exists.

## LAW AND DECISION

▪ Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the district court by the defendant or defendants. The citizenship of defendants sued under fic-

Home Centers, Inc. (Doc. 7).

titious names shall be disregarded. 28 U.S.C. § 1441(a). However, when plaintiffs' allegations give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant. *Green v. Mutual of Omaha,* 550 F.Supp. 815, 818 (N.D.Cal.1982). A removed case shall be remanded if it appears that the district court lacks subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c).

▪ Here, defendants removed the action based on diversity of citizenship jurisdiction as provided for by 28 U.S.C. § 1332(a)(1). That statute requires that the parties be citizens of different states and that the controversy exceed $50,000. 28 U.S.C. § 1332(a)(1). Citizenship of a party at the commencement of the action controls determination of diversity jurisdiction. *Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770, 776 (5th Cir.1986).

▪ At the commencement of this action, John Doe, an employee of Lowe's, was named as a defendant. The citizenship of John Doe, later identified as Prevost, was established at the commencement of this action because no other Lowe's employees were involved in this incident. Prevost Dep. at 15–16. John Doe's identity and citizenship merely had not been disclosed to plaintiffs at the time of filing. Lowe's knew or should have known of John Doe's identity because Prevost told his supervisor of the incident immediately after it happened and an accident report apparently was completed. Dep. of Randy E. Prevost, at 17–19. Because Prevost was the only Lowe's employee involved, John Doe could not be anyone other than Prevost. Prevost Dep. at 15–16. It would be unfair to plaintiffs to force them from their chosen state court forum into federal court by allowing Lowe's to plead ignorance about the defendant employee's identity and citizenship when Lowe's was in a position to know that information. Because Lowe's does not challenge Prevost's Louisiana citizenship and the court finds that he is a Louisiana resident, diversity of citizenship

is lacking.[2] Remand is proper because this court does not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Accordingly,

**IT IS ORDERED** that plaintiff's motion is **GRANTED,** and this matter is **REMANDED** to the 21st Judicial District, Parish of Tangipahoa, State of Louisiana.

2. Even if the court found complete diversity by disregarding Prevost, the court has serious reservations that the amount in controversy exceeds $50,000.