**CITY NATIONAL BANK OF SYLACAUGA, Plaintiff,**

v.

**GROUP DATA SERVICES, Defendant.**

No. CV95–H–2726–E.

United States District Court, N.D. Alabama, Eastern Division.

Dec. 19, 1995.

B. Clark Carpenter, Jr., Wooten Thornton Carpenter O'Brien & Lazenby, Talladega, AL, Bruce F. Rogers, Bainbridge Mims Rogers & Smith, Birmingham, AL, George C. Douglas, Jr., Birmingham, AL, for plaintiff.

Jarred O. Taylor, II, John Alan Truitt, Maynard Cooper & Gale, Birmingham, AL, Samuel D. Lipshie, Thor Y. Urness, Boult Cummings Conners & Berry, Nashville, TN, for defendant.

## ORDER DENYING MOTION
## TO REMAND

HANCOCK, District Judge.

This cause came on for consideration at a motion docket held on December 15, 1995, in Birmingham, Alabama, at which time the court considered the November 8, 1995 motion of plaintiff to remand this action to the Circuit Court of Talladega County, Alabama, where it was filed on September 18, 1995. On the day of filing, a copy of the complaint bearing the filing date was mailed to the president of defendant and received at his office on September 19, 1995. A summons was issued on September 20, 1995, and the summons and complaint were served by certified mail on defendant on September 25, 1995. On October 24, 1995, the defendant filed a notice of removal, which notice was within 30 days of the service of the summons and complaint on September 25, 1995, but more than 30 days after the receipt on September 19, 1995, by the president of defendant of the copy of the complaint mailed to him.

In support of the motion to remand, plaintiff argues that the notice of removal was untimely under 28 U.S.C. § 1446(b) [1] because it was filed more than 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief. Plaintiff argues that, by reason of the words "or otherwise" in § 1446(b), actual "service" of the initial pleading is not required. Defendant argues that the 30-day period for removal does not begin to run in a state such as Alabama until receipt by the defendant "through service" of a copy of the initial pleading setting forth the claim for relief. Each party has presented to the court a number of decisions supporting its respective position but the court is persuaded that by far the better reasoned position is the one argued by defendant and well articulated in *Love v. State Farm Mutual Automobile Insurance Company*, 542 F.Supp. 65 (N.D.Ga.1982) and in *Marion Corporation v. Lloyds Bank*, 738 F.Supp. 1377 (S.D.Ala. 1990). In those cases, the district courts reviewed the congressional history surrounding 28 U.S.C. § 1446 and concluded (as have most courts which indicate they examined the congressional history) that the language relied upon by plaintiff in § 1446(b) was added in 1949 to the statute to correct a problem created by a 1948 revision of the statute. The 1949 addition supplied the words "or otherwise" so as to provide for removal in states where an action is commenced merely by the service of a summons and there is no requirement that the initial pleading setting forth the claim for relief be served or filed until later.[2] The language relied upon by plaintiff in § 1446(b) has no field of operation in states, such as Alabama, where the action is commenced by the filing of the complaint (Ala.R.Civ.P. 3) but a copy of that complaint must be served along with the summons (Ala.R.Civ.P. 4).[3]

Considering the motion against the congressional history, the court is persuaded that in Alabama, which requires a copy of the summons and complaint to be filed and served on a defendant, the 30-day period within which a state court action may be removed does not begin until service of that

---

1. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." (emphasis supplied).

2. The court observes that the alternative "or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant" likewise was added in 1949 to authorize removal in states where an action is commenced by the filing of the initial pleading setting forth the claim for relief and the

issuance and service of a summons *without* any requirement that a copy of the initial pleading be served or otherwise furnished to the defendant.

3. Defendant additionally argues in opposition to the motion that, under the "receipt" rule followed by the courts relied upon by plaintiff, those courts frequently also held that the 30-day period for removal did not begin if the initial pleading did not affirmatively reveal on its face the presence of federal jurisdiction. To the extent that defendant is arguing for the application of this principle differently under the "receipt" rule than under the "service" rule, such argument would have been rejected.

initial pleading.[4] The motion to remand is OVERRULED.

---

**4.** The court is of the further opinion that the 30–day period begins with such service whether or not the service is defective, provided that the defective service is at least sufficient to provide reasonable notice to defendant. See *Brizendine v. Continental Casualty*, 773 F.Supp. 313 (N.D.Ala.1991).