**Joyce L. BROWN, Plaintiff,**

v.

**MAYFLOWER TRANSIT, INC., Defendant.**

No. 96–0877–CV–W–9.

United States District Court,
W.D. Missouri,
Western Division.

April 8, 1997.

Warren Steven Rives, Lake Ozark, MO, Richard E. McLeod, R. Denise Henning, McLeod Law Firm, Kansas City, MO, for Plaintiff.

Daniel T. Rabbit, Rabbitt, Pitzer & Snodgrass, St. Louis, MO, David Larson & Larson, Kansas City, MO, for Defendant.

---

*ORDER GRANTING PLAINTIFF'S MO-
TION TO REMAND AND DENYING
AS MOOT DEFENDANT'S MOTION
TO TRANSFER*

BARTLETT, Chief Judge.

On September 19, 1996, plaintiff filed a motion to remand this case to the Circuit Court of Jackson County, Missouri, on the basis that defendant failed to remove this case within 30–days after receipt of the initial pleading "through service or otherwise" as required by 28 U.S.C. § 1446(b). On October 10, 1996, defendant filed a response to plaintiff's motion to remand. Although defendant's response was filed five days out-of-time, I have considered it in ruling on this motion.

This case was originally filed in the Circuit Court of Jackson County, Missouri, at Kansas City, on July 9, 1996. On July 11, 1996, plaintiff's attorney faxed copies of the files-tamped petition along with a cover letter to Donald O'Keefe, attorney for defendant. Defendant Mayflower was formally served on July 23, 1996. On August 20, 1996, defendant removed this case to the United States District Court for the Western District of Missouri.

Plaintiff argues that the 30–day time period in which a notice of removal must be filed began to run on July 11, 1996, when attorney for defendant received a copy of the petition by fax. Defendant argues that the 30–day period did not begin running until July 23, 1996, when defendant was formally served.

28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based', or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added).

There is a split of authority as to whether the 30–day period begins to run from the date defendant was served with the petition, or whether it runs from the date the defendant received a copy of the petition.

The cases supporting the "service rule" look to the legislative intent behind the 1949 change to § 1446(b). In 1948, Congress revised the removal statute to allow removal "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 9393 (1948). In 1949, Congress again revised the statute to permit removal within twenty (now thirty) days after defendant received a copy of the petition "through service or otherwise." *Love v. State Farm Mutual Auto. Ins. Co.,* 542 F.Supp. 65, 67 (N.D.Ga.1982). The 1949 revision was necessary because the language in the 1948 version created problems in several states, such as New York, "which permitted a plaintiff to commence suit without serving or filing a complaint, merely by serving the defendant with a summons." *Id.* Because the defendants in those states did not always know the contents of the complaint, they were unable to determine during this 20–day period whether the case was removable.

The courts adopting the "service rule" reasoned that Congress passed the 1949 amendment adding the "or otherwise" language in order to correct the problem in states like New York. They therefore concluded that the amendment was intended to apply only to those states where plaintiff could commence a suit without filing or serving an initial pleading. *Thomason v. Republic Ins. Co.,* 630 F.Supp. 331, 333–34 (E.D.Cal.1986); *Love,* 542 F.Supp. at 68. Furthermore, these courts held that the amendment "was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Love,* 542 F.Supp. at 68; *see also Hunter v. American Express Travel Related Servs.,* 643 F.Supp. 168, 170 (S.D.Miss.1986); *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351, 353–54 (E.D.Mo.1981).

The competing line of authority adopts the "receipt rule" and begins the thirty day period on the day defendant first received a copy of the initial pleading. *See, e.g., Rothwell v. Durbin II,* 872 F.Supp. 880 (D.Kan.1994);

*Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338 (D.Md.1990). The "receipt rule" courts give the following three reasons to justify their position:

1) the rule arises from a straightforward interpretation of the clear statutory language; 2) the legislative history does not lead to the conclusion that the rule is "demonstrably at odds" with Congress' intent in amending section 1446(b); and 3) the rule is consistent with the longstanding principle that the removal statutes are to be construed strictly, narrowly, and against removal.

*Tech Hills II Assocs. v. Phoenix Home Life Mutual Ins. Co.,* 5 F.3d 963, 968 (6th Cir. 1993) (*citing Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207, 212–13 (E.D.Mich.1992); *Trepel v. Kohn, Milstein, Cohen & Hausfeld,* 789 F.Supp. 881, 883 (E.D.Mich.1992); *Pillin's Place, Inc. v. Bank One,* 771 F.Supp. 205, 207 (N.D.Ohio 1991); *Conticommodity Servs., Inc. v. Perl,* 663 F.Supp. 27, 30–31 (N.D.Ill.1987)).

The three circuit courts that have addressed the issue of what triggers the 30–day removal have adopted the receipt rule. *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841–42 (5th Cir.1996); *Roe v. O'Donohue,* 38 F.3d 298, 302–04 (7th Cir.1994); *Tech Hills II,* 5 F.3d 963, 966–68 (6th Cir.1993).

■ Although another judge in this District has recently adopted the service rule, I am persuaded that the reasoning in receipt rule line of cases is more persuasive. First, removal statutes are to be construed narrowly and against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Second, the statute unambiguously provides that the time period for removal is triggered by the receipt by defendant of a copy of the initial pleading "through service or otherwise." The plain meaning of the statute should be followed. So long as the defendant receives by service or "otherwise" a copy of a pleading setting forth the claim for relief, Congress intended that the period for removal is commenced.

■ Here, the 30–day time period for removal began on July 11, 1996, the day defendant's counsel received the courtesy copy of the file-stamped petition. *See Lofstrom v. Dennis,* 829 F.Supp. 1194, 1196 (N.D.Cal. 1993) (finding that receipt by attorney authorized to represent defendant commenced 30–day removal period).

■ "If delivery of the initial pleading is made in a manner which, objectively viewed, is calculated to give fair notice to the defendant, the receipt is sufficient to trigger the statutory removal period." *Pillin's Place, Inc. v. Bank One, Akron, N.A.,* 771 F.Supp. 205, 208 (N.D.Ohio 1991). Here, plaintiff's attorney knew defendant's counsel, because the case had previously been filed in another county. Prior to the filing of the petition in Jackson County, plaintiff's counsel informed O'Keefe (defendant's attorney) that he was going to refile the case. Both attorneys discussed the taking of a deposition prior to the time defendant's answer would be due. Therefore, receipt by O'Keefe of a copy of the petition was sufficient to notify the defendant of the removability of the case thereby triggering the 30–day removal period. *See also General Beverage Sales Co. v. Zonin,* 589 F.Supp. 846, 847 (W.D.Wis.1984) (attorney authorized to appear at deposition and authorized to search for and retain attorneys for defendant was authorized to receive, on behalf of defendant, a copy of the complaint, even though he was not required to admit proper service).

Because the notice of removal was filed 40 days after defendant's counsel received a copy of the petition, defendant has failed to comply with 28 U.S.C. § 1446(b). Accordingly, this case must be remanded to the Circuit Court of Jackson County, Missouri, at Kansas City.

Accordingly, it is ORDERED that:

1) plaintiff's Motion to Remand is granted; and

2) this case is remanded to the Circuit Court of Jackson County, Missouri, at Kansas City; and

3) defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) is denied as moot.