**Murray KELLY, et al., Plaintiff,**

v.

**DOLGEN CORP., INC.,
et al., Defendants.**

**No. 7:97–cv–75 (WDO).**

United States District Court,
M.D. Georgia,
Division.

Aug. 25, 1997.

---

Howard Bridges Slocumb, Homerville, GA, for Murray Kelly, Donna Kelly.

Thomas G. Whatley, Jr., Savannah, GA, for Dolgen Corp., Inc., Jane Doe, John Doe.

## ORDER

OWENS, District Judge.

Plaintiffs filed this negligence action in the Superior Court of Clinch County, Georgia, on Friday May 9, 1997. The complaint names as defendants Dolgen Corporation ("Dolgen"), a Kentucky corporation transacting business in Georgia, and John Doe/Jane Doe, an unknown employee of Dolgen. Defendants removed the case to this court on the basis of diversity jurisdiction conferred by 28 U.S.C. § 1332. Plaintiffs have now moved to remand the case to Superior Court, claiming that removal was improper because the unknown defendant is very likely to be a citizen of Georgia, and because the notice of removal was untimely. Plaintiffs have also requested a hearing on the motion. Having carefully considered the relevant case law and the arguments of counsel, the court finds that removal was proper and timely.

## I. Facts

The complaint was filed on May 9. On May 12, plaintiffs' co-counsel Howard B. Slocumb sent a letter, along with a copy of the filed complaint, by certified mail to Steve Heckle, Director of Risk Management for Dolgen. The summons was not included with the letter (See Pl. Exh. A [Tab # 5]). The return receipt indicates Heckle's office accepted the letter on May 15.

On May 16, Slocumb mailed the service copies of the summons and complaint to MLQ Attorney Services, an authorized process-serving company in Atlanta, Georgia. On May 20, a Tuesday, Dolgen was formally served with the summons and complaint.

Dolgen filed its answer and notice of removal pursuant to 28 U.S.C. § 1446 in Clinch County Superior Court on June 19. Plaintiffs timely filed this motion to remand the case to Superior Court on July 9.

## II. Discussion

### A. Complete Diversity

Plaintiffs first argue that complete diversity is not present because the unknown John Doe defendant is likely to be a resident of Georgia. They argue that the identity of this unknown defendant is known to Dolgen, and will soon be discovered, at which point complete diversity will be destroyed.

This argument fails for several reasons. First, the statute discussing what actions are removable specifically states "For purposes of removal under this chapter, the

citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Second, it is not a certainty that the identity of the unknown defendant will ever be ascertained. Third, once known, it is by no means certain that the unknown defendant will be found to be a citizen of Georgia. Simply put, a likelihood that diversity will be destroyed at some point in the future is not enough.

The foremost case relied on by plaintiffs, *Tompkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D.La.1994), is easily distinguished. In *Tompkins*, the court remanded the case, but only after ascertaining the identity of the fictitiously named defendant and determining his citizenship. *Id.* at 464. Here, because of the lack of records, the length of time that has passed, and the large number of trucks loaded, it is extremely unlikely that the identity of the unknown Dolgen employee will ever be determined. See Aff. of Robert Barnes, Dolgen Warehouse Manager for Homerville Facility, ¶¶ 2, 3. The court therefore finds that complete diversity exists.

## B. Commencement of Removal Period

Plaintiffs second argument is that Dolgen filed its notice of removal after the thirty day limitation period prescribed by 28 U.S.C. § 1446(b). The statute states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). As noted earlier, defendants filed their notice of removal on June 19. Therefore, whether removal was timely depends on whether the 30–day removal period began on May 15 when plaintiff mailed a copy of the complaint to Steve Heckle, Dolgen's Director of Risk Management, or on May 20 when Dolgen was formally served with the complaint and summons.

■ The Eleventh Circuit has never addressed the issue of when the removal period begins,[1] perhaps because decisions regarding motions to remand are not generally reviewable. See 28 U.S.C. § 1447(d). *But see Bethesda Memorial Hospital, Inc.*, No. 96–5034, 1997 WL 394275, at *2–3 (11th Cir., July 15, 1997) (reviewing decision to remand after finding district court had acted outside its statutory authority).

There is a well-defined split of authority on the point among other jurisdictions. Some courts use the "proper service rule" first articulated in *Love v. State Farm Mutual Automobile Ins. Co.*, 542 F.Supp. 65 (N.D.Ga. 1982), which states that the removal period cannot begin until a plaintiff properly serves the defendant with process. *See also Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.*, 645 F.Supp. 37, 39 (S.D.Fla.1986); *Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377, 1379 (S.D.Ala.1990); *City National Bank of Sylacauga v. Group Data Services*, 908 F.Supp. 896, 897–98 (N.D.Ala. 1995); *Bullard v. American Airlines, Inc.*, 929 F.Supp. 1284, 1286 (W.D.Mo.1996); *Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329, 342 (D.S.C.1996). The *Love* court examined the legislative history of § 1446(b), and found that the "or otherwise" language was added to the statute in order to accommodate the peculiar service rules of a few states such as New York and Kentucky, which allowed a plaintiff to commence a suit without serving or filing a complaint, merely by serving the defendant with a summons. *Love*, 542 F.Supp. at 67–68. The court therefore concluded that the language was "intended to expand the removal period in states following the New York Rule," but was not meant to

---

1. The Eleventh Circuit has held that in cases in which the Federal Deposit Insurance Corporation (FDIC) is appointed receiver to a defendant depository institution in an ongoing suit, the 30–day period for removal begins to run from the date the FDIC receives notice of its appointment as receiver of the institution. *Lazuka v. FDIC,* 931 F.2d 1530, 1532 (11th Cir.1991). However, the court in *Lazuka* relied on a separate federal statute that creates a rebuttable presumption of federal jurisdiction to support removal in cases brought against the FDIC. *Id.* As such, the case is easily distinguished from the present case and has no real precedential value.

"diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Id.* at 68 (footnote and citation omitted). Having thus noted the potential for abuse under any method other than proper service, the court held that the removal period set forth in § 1446(b) cannot begin until a plaintiff properly serves defendant with process. *Id.*

The second line of cases have adopted the "receipt rule", which holds that the removal period begins when a defendant receives an initial pleading, even if the defendant receives the pleading by means other than official service. *See, e.g., Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841–42 (5th Cir. 1996); *Roe v. O'Donohue,* 38 F.3d 298, 302–304 (7th Cir.1994); *Tech Hills II Assocs. v. Phoenix Home Life Mutual Ins. Co.,* 5 F.3d 963, 966–68 (6th Cir.1993); *Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207, 211–13 (E.D.Mich.1992); *City of New Orleans v. Illinois Central R. Co.,* 804 F.Supp. 873, 875–76 (E.D.La.1992); *Dawson v. Orkin Exterminating Co.,* 736 F.Supp. 1049, 1053 (D.Colo.1990). Courts have given three main reasons for adopting this approach: (1) the rule conforms with a straightforward interpretation of the statute's language; (2) the legislative history does not indicate that the rule conflicts with Congress' intent in amending § 1446(b); and (3) the rule is consistent with the longstanding principle that removal statutes are to be construed strictly, narrowly, and against removal. *Tech Hills II,* 5 F.3d at 968 (citations omitted). Thus, in cases in which the court adopts the receipt rule, the tension between the seemingly unambiguous statutory language and the legislative history is resolved in favor of the former.

Contrary to plaintiffs' suggestion, the cases cited above do not evidence an emerging trend toward either of the two schools. Rather, if the case law shows any pattern, it is merely that, for whatever reason, more trial courts tend to follow the proper service rule in the absence of a controlling appellate decision to the contrary. This is especially true with respect to the other trial courts of this circuit, which have consistently adopted the proper service rule since it was first articulated by Judge Evans in the Northern District of Georgia.

■ After carefully reviewing the cases cited above, the court is of the opinion that the proper service rule is the sounder, more practical approach. The *Love* court's focus on the true intent of the statute as evidenced by the legislative history is far more persuasive than the argument for strict statutory construction offered by proponents of the receipt rule. The Supreme Court has held that a statute's plain language should be conclusive except in those cases where a literal application of the statute would be at odds with the intentions of its drafters. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). This is exactly the case here. The language used in the statute is ambiguous to begin with, as the controversy surrounding it indicates. The *Love* court's analysis shows the statute was intended to protect a defendant's ability to remove in the face of quirky rules of service—that is, to expand and secure the removal power. A literal application of the statute here would allow plaintiffs to defeat defendants' ability to remove simply by informally serving a defendant with the complaint and waiting a month before formally perfecting service. This alternative would force defendants to remove upon receipt of an informal complaint, thereby waiving all objections to service, jurisdiction or venue in order to remove timely. *See Bowman,* 936 F.Supp. at 338–340 (discussing this and other problems with the receipt rule). Even courts adopting the receipt rule have recognized this potential for abuse. *See, e.g., Reece,* 98 F.3d at 842; *Roe,* 38 F.3d at 303–304.

On the other hand, there simply is no potential for abuse with the proper, service rule. It is a bright line test, and one that is consistent with several other mechanisms for calculating time limits embodied in the federal rules and statutes. It is good policy to force plaintiffs to formally exercise their right to initiate a lawsuit before precluding defendants from exercising their right to choose between equally available fora.

For these reasons, the court today follows the other district courts of this circuit in

applying the proper service rule to determine when the 30–day removal period commences. Under this rule, defendants' notice of removal was timely, as it was filed within 30 days of the defendants' having been officially served with the complaint and summons.

### III. Conclusion

Accordingly, plaintiffs' motion to remand the case to the Superior Court of Clinch County is hereby **DENIED.** The matter will proceed with discovery.