**Jackie JOINER, Individually and as Administratrix of the Estate of William David Joiner, Deceased, Plaintiff,**

v.

**KAYWAL TRANSPORTATION, INC. and Grant Wright, Jr., Defendants.**

**No. CIV. 97–1111.**

United States District Court, W.D. Arkansas, El Dorado Division.

Oct. 9, 1997.

Clyde Tab Turner, Friday, Eldredge & Clark, Little Rock, AR, for Plaintiff.

Floyd M. Thomas, Jr., Compton, Prewett, Thomas & Hickey, El Dorado, AR, for Defendants.

### MEMORANDUM OPINION

BARNES, District Judge.

Before the Court is Plaintiff Jackie Joiner's (Joiner's) motion to remand the above styled matter to state court. The Defendants, Kaywal Transportation, Inc. (Kaywal) and Grant Wright, Jr. (Wright) have responded to the motion.

### I. BACKGROUND

Plaintiff Joiner initiated this action by filing her complaint in state court on July 8, 1997. Joiner's attorney sent a copy of that complaint to Kaywal's agent for service on March 19, 1997, and sent a copy to the attorney representing both defendants the next day. Neither copy was sent for the purpose of complying with formal service of process requirements pursuant to Ark.Code Ann. § 16–58–131(a). Rather, they were sent as "courtesy copies" in order to facilitate the possibility of settlement negotiations. (Ex. A to Pl.'s Mem. in Supp. of Mot. to Remand). Formal service of process was made upon Kaywal on June 9, 1997. The Defendants filed a petition for removal to this Court thirty days after formal service (and approximately 110 days after receiving courtesy copies of the complaint), on July 9, 1997.

The Joiners filed their petition for remand on July 15, 1997, arguing that the Defendants' petition for removal was untimely

pursuant to 28 U.S.C. § 1446(b). The Defendants responded by asserting that their petition was within the time limits contemplated by that rule. They also argue that their time period for removal did not run because Defendant Wright was neither formally served with the complaint nor sent a courtesy copy.

## II. DISCUSSION

The relevant language of 28 U.S.C. § 1446(b) is stated as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

■ Once the thirty day time period has run, this Court has no discretion to extend it, and must remand upon a motion by the plaintiffs. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982); *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 206 (N.D.Ohio 1991). Thus, the first issue before this Court is whether the time limits imposed by 28 U.S.C. § 1446(b) are to be measured from the time the Defendants received a "courtesy copy" of the complaint or from the time they received a copy of the complaint as part of formal service of process.

The courts have been inconsistent with one another in their interpretations of § 1446(b). The majority of district courts and all of the appellate courts which have addressed this issue have adopted a "notice rule", which allows even a courtesy copy of the complaint to begin the time period within which a party must petition for removal. *See Reece v. Wal–Mart*, 98 F.3d 839 (5th Cir.1996); *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993); *See also Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1248–49 (9th Cir.1987) (noting that a defendant's receipt of a complaint thirty days prior to filing of petition of removal would have rendered filing untimely); *Brown v.*

*Mayflower Transit, Inc.*, 960 F.Supp. 212 (W.D.Mo.1997); *Pillin's Place, Inc., v. Bank One, Akron, N.A.*, 771 F.Supp. 205 (N.D.Ohio 1991).

Other courts have adopted a "service rule" that requires formal service of process before the time period begins to run. *See, e.g. Bullard v. American Airlines, Inc.*, 929 F.Supp. 1284 (W.D.Mo.1996); *City National Bank of Sylacauga v. Group Data Servs.*, 908 F.Supp. 896 (N.D.Ala.1995); *Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Love v. State Farm Mut. Auto. Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982). The clearly defined dispute has sponsored a surprising amount of commentary on this narrow topic. *See, e.g.*, Robert P. Faulkner, *The Courtesy Copy Trap: Untimely Removal From State To Federal Court*, 52 Md. L.Rev. 374 (1993); Jean F. Rydstrom, *When Period For Filing Petition For Removal Of Civil Action From State Court To Federal District Court Begins To Run Under 28 U.S.C.S. § 1446(b)*, 16 A.L.R. Fed. 287, 309–314 (Supp.1996).

District courts from Alabama and Georgia are most often cited in support of the view that formal service is required before the time period can begin to run. *See, e.g. Love*, 542 F.Supp. at 67–68; *City National Bank of Sylacauga*, 908 F.Supp. at 897. These courts have looked to the legislative history of the statute, finding that its "through service or otherwise" language was added by Congress in 1949 in order to ensure that a defendant gets the full thirty days from his receipt of a copy of the initial pleading to file a removal petition in those states where formal service may be made without delivering a copy of the complaint. *Id.* Thus, courts following this approach have found that the added language was designed to ensure and expand removal possibilities for defendants in states such as New York, where service may be made with only a summons. *Love*, 542 F.Supp. at 68.

■ In Alabama, service of process requires the delivery of a copy of the complaint. *City National Bank of Sylacauga*, 908 F.Supp. at 897. The addition of "or otherwise" to the statute has therefore been

held to be of no consequence to the time allowed for removal from courts sitting in that state. *Id.* Indeed, a district court in this circuit has recently used the "service rule" on the basis that the 1949 amendments to the statute "were designed as procedural safeguards, not as a tool for the circumvention of the well established rules regarding service of process." *Bullard,* 929 F.Supp. at 1286; *See also Rodriguez v. Hearty,* 121 F.Supp. 125, 128 (S.D.Tex.1954) (noting that the "receipt rule" would force out of state plaintiffs to chose "between removing and waiving their right to proper service or waiting for service and waiving their right to remove").

The defendants argue that this Court should also follow the "service rule" because Arkansas, like Alabama, requires delivery of the complaint as part of service of process. Ark.Code Ann. § 16–58–131(a). However, this Court is more influenced by opinions as put forth in *Brown v. Mayflower Transit, Inc.,* 960 F.Supp. 212 (W.D.Mo.1997), and *Pillin's Place, Inc. v. Bank One, Akron, N.A.,* 771 F.Supp. 205, 206 (N.D.Ohio 1991).

■ Simply put, the "service rule" does not give due regard to the plain meaning of the statute as written. "Nothing is better settled than that in the construction of a law its meaning must first be sought in the language employed." *Kananen v. Matthews,* 555 F.2d 667 670 (8th Cir.1977) (quoting *United States v. Standard Brewery,* 251 U.S. 210, 40 S.Ct. 139, 64 L.Ed. 229 (1920)). Thus, when the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances where the application of the statute as written will produce a result demonstrably at odds with the intentions of its drafters. *Demarest v. Manspeaker,* 498 U.S. 184, 190–91, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991) (citing *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

In this instance, the statute provides that the time period for removal begins to run "after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). There is no ambiguity within the legislation as to whether a complaint must be delivered before, with, or after service in order for the period to run. *See Potter v. Kahn,* 108 F.Supp. 593, 594 (S.D.N.Y.1952). Rather, the plain wording of the statute focuses only upon the time at which the defendant receives a copy of the pleading, and contains language to indicate that any method of its receipt is contemplated to initiate the running of the time limit.

Indeed, the literal application of this statute produces results which are far from "demonstrably at odds with the intentions of its drafters." *Griffin,* 458 U.S. at 571, 102 S.Ct. at 3250. In a general sense, the "receipt rule" is consistent with the principle that the removal statutes are to be strictly and narrowly construed against the removal of cases to federal court. *Pillin's Place, Inc.,* 771 F.Supp. at 207 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). More specifically, this approach provides for uniformity among courts with regard to the time period allowed for removal by triggering the period regardless of why the pleading is received by the defendants. *Dawson v. Orkin Exterminating Co.,* 736 F.Supp. 1049, 1053 (D.Colo. 1990) (citing *French v. Banco Nacional De Cuba,* 192 F.Supp. 579, 580 (S.D.N.Y.1961)). Rather than depending upon a formality of service which may be performed long after the complaint has actually been received by a defendant, the "receipt rule" places appropriate emphasis upon the prompt determination of forum from the time at which federal jurisdiction may first be ascertained.

■ Accordingly, this Court adopts the approach used by a majority of courts, and finds that the defendant's time period for removal began when they received the courtesy copy of the complaint on or about March 20, 1997. Because over thirty days elapsed before a petition for removal was filed, it is untimely and is therefore barred from this Court under 28 U.S.C. § 1446(b).

Defendants argue in the alternative that because no evidence exists that the complaint was sent to both Kaywal and Wright, Wright's time for removal cannot be expired under § 1446(b). They assert that Kaywal may join in a motion to remove filed by Wright. However, this distinction is of no

significance because a courtesy copy of the complaint was mailed to both Wright's attorney and his employer (Kaywal). *See Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 273 n. 1 (7th Cir.1982); *Brown* 960 F.Supp. at 214 (*citing Pillin's Place,* 771 F.Supp. at 208) (courtesy copy mailed to defendant's attorney); *Reece v. Wal–Mart,* 98 F.3d 839 (5th Cir.1996) (courtesy copy mailed to defendant's employer).

■ In any event, all defendants must join in a petition to remove. *Wright v. Missouri Pac. R. Co.,* 98 F.2d 34 (8th Cir.1938) (*citing Chicago, Rock Island & Pacific Railway Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900)); *Estate of Fitzpatrick v. Brehm,* 580 F.Supp. 731, 733 (W.D.Ark.1984). Thus, if a defendant who was served or given a copy of the complaint fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent. *See, e.g. Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351, 354 (E.D.Mo.1981) (*citing Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012 (S.D.Tex.1979); *Perrin v. Walker,* 385 F.Supp. 945 (E.D.Ill.1974); *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405 (C.D.Cal.1972); *Crocker v. A.B. Chance Co.* 270 F.Supp. 618 (S.D.Fla. 1967); *Fugard v. Thierry,* 265 F.Supp. 743 (N.D.Ill.1967)). Accordingly, the Defendants' second argument fails.

### III. CONCLUSION

The Plaintiff's motion for remand to the Circuit Court of Columbia County, Arkansas is granted. A separate order will be entered consistent with this opinion.