Aileen M. FERGUSON, Individually and on Behalf of Her Minor Children, Charles R. Wayson, Joshua L. Wayson, Nathan Ferguson, Joseph A. Ferguson, and Joseph N. Ferguson, Plaintiffs,

v.

KEOKUK AREA HOSPITAL and American Red Cross, Defendants.

Aileen M. FERGUSON, et al., Plaintiffs,

v.

Hussein J. YEHAWI, M.D. and H.J. Yehawi, M.D., P.C., Defendants.

No. 3–97–90159.

United States District Court, S.D. Iowa, Davenport Division.

Dec. 24, 1997.

## MEMORANDUM OPINION AND RULING ON MOTION TO REMAND

PRATT, District Judge.

This case involves the American Red Cross's right to remove to federal court. The court holds that the Red Cross must obtain the consent of all co-defendants in this case for removal to be proper under the federal removal statutes. Therefore, the court grants the defendant Hospital's motion to remand to state court.

### I. Background:

Plaintiffs filed suit in the Iowa District Court for Lee County against the Red Cross and the Keokuk Area Hospital (Hospital) on July 29, 1997. The Hospital was served on July 30, 1997, and the Red Cross was served on August 7, 1997.

The case was consolidated with a related lawsuit filed by plaintiffs against two medical doctors on August 11, 1997.

The Red Cross removed this case to federal court on August 28, 1997, citing section two of the Red Cross's federal charter, 36 U.S.C. § 2, and 28 U.S.C. § 1446. The Red Cross's federal charter confers upon the Red

Cross the "power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. § 2.

The two medical doctors consented to removal.

The Hospital did not consent to the removal and on September 4, 1997 filed a motion to remand for Red Cross's failure to obtain consent from all defendants.

A hearing was held on December 10, 1997.

## II. Discussion:

The Red Cross essentially makes two arguments: (1) that section two of its charter directly confers the power to remove any action it is defending and that 28 U.S.C. § 1441, the general federal removal statute, is therefore inapplicable and unnecessary; (2) that whether or not § 1441 applies, only those "entitled to remove" may successfully block removal by not consenting. Red Cross cites to the recent Supreme Court opinion *American National Red Cross v. S.G. and A.E.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992) [hereinafter *S.G.*], in support of the first argument, and cites several reported and unreported federal district court opinions for the second argument.

Although the court is persuaded by counsel for Red Cross that the potentially broad protection accorded the Red Cross by its charter as interpreted by *S.G.* would be frustrated by the restrictive provisions of §§ 1441 and 1446, in the absence of clearer guidance from Congress, our court of appeals, or the Supreme Court, this court is constrained to apply the law as it now stands. Stated simply, this court does not believe that Congress not only conferred original federal jurisdiction in the charter, but also conferred separate individual rights to and procedures for removal unique to the Red Cross. It appears that Congress and the courts have left similar situations to the requirements of § 1441, at least until Congress expressly enacted a specific removal statute. *See Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 844–46 (2nd Cir.1976) (FDIC, despite original federal jurisdiction conferred by "sue and be sued" clause, was confined to the general federal removal statute until Congress enacted removal statute specific to the FDIC). Congress has the ability to confer removal of the kind Red Cross wants, it simply has not yet done so. It is important to note that the *S.G.* Court in no way decided such an issue, stray statements notwithstanding. All defendants consented to removal in *S.G.* and the Red Cross invoked § 1441.

Finally, regarding the second of Red Cross's arguments, the law in this circuit and elsewhere has required unanimity of consent in petitions for removal—even from defendants not individually entitled to remove. *See Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Doe v. Kerwood*, 969 F.2d 165, 167–68 (5th Cir.1992); *Wright v. Missouri Pac. R.R. Co.*, 98 F.2d 34 (8th Cir.1938); *Joiner v. Kaywal Trans., Inc.*, 979 F.Supp. 1252 (W.D.Ark.1997); Erwin Chemerinsky, Federal Jurisdiction § 5.5 at 328 (2d ed.1994); 16 James Wm. Moore et al., Moore's Federal Practice § 107.11[1][c] (3rd ed.1997). Therefore, either the Hospital consents, or the petition for removal is procedurally inadequate. As this court does not consider section two of the Red Cross's charter to be a removal provision, the court need not attempt to discern whether Congress might have intended removal rights and procedures similar to the various specific, "party based" removal statutes it has enacted for such entities as the FDIC, FSLIC, etc.

The following is **HEREBY ORDERED:**

1. This case is **REMANDED** to the Iowa District Court for Lee County.